# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC., <br><br>      Plaintiff, <br><br>   vs. <br><br> LULULEMON ATHLETICA INC.; <br> and <br> CURIOUSER PRODUCTS INC. D/B/A MIRROR <br><br>      Defendants. | Case No. 22-82 <br><br> **COMPLAINT FOR PATENT IN-FRINGEMENT** <br><br> **JURY TRIAL REQUESTED** |

Plaintiff Nike, Inc. ("Nike") for its Complaint against Defendants lululemon athletica inc. ("Lululemon Athletica"), and Curiouser Products Inc. d/b/a Mirror ("MIRROR") (collectively "Lululemon") alleges as follows:

## INTRODUCTION

1.     Nike's mission is to bring inspiration and innovation to every athlete in the world, with the belief that if you have a body, you are an athlete. Nike fulfills that mission, in part, by investing heavily in research, design, and development to create game-changing technologies for athletes.

2.     Relevant to this lawsuit, Nike has spent decades creating game-changing digital sport technologies. Nike has been and continues to be an industry leader in digital sport innovation; developing digital sport products and experiences and leveraging those innovations to create a community of athletes who encourage and support one another along their fitness and wellness journeys.

3.     More specifically, Nike began creating digital sport innovations at least as early as 1983 when it invented and filed a patent application on a device for determining a runner's speed, distance traversed, elapsed time, and calories expended.

1

The device, shown in the figure below, included a transmitter and sensor in a runner's shoe, and a receiver and microprocessor remote from the runner's shoe. The sensor gathered activity-related data, the transmitter sent the data to the receiver, the receiver fed the data to the microprocessor, and the microprocessor analyzed and displayed the data and analysis to the runner and her community of athletes.



Figure from Nike's 1983 Patent Application

4.      Nike built on those early efforts and evolved its digital sport offerings over the years. As just one example, in 2006, Nike launched the Nike+ iPod system as part of a collaboration with Apple. The system included a foot ground contact timer and accelerometer embedded in Nike footwear that synced with Apple iPods to track, analyze, and display activity-related information for an athlete and her community. The Nike+ iPod system is shown below.


Nike+ iPod System

5.      As yet another example, in 2011 and 2012, Nike launched its Nike+ SportWatch and Nike+ FuelBand products. Both were groundbreaking, innovative wearable activity trackers, as shown below.




Nike+ Fuelband

Nike+ SportWatch

6.      Nike also launched its Nike+ ESP basketball and training footwear products in 2012. These products included sensors that enabled athletes to monitor their progress, including how high they jumped, how hard they worked, and how quickly they moved. An example Nike+ ESP basketball product is shown below.



Nike+ ESP Basketball Footwear

7.      That same year, Nike also released its Nike+ Kinect product, which was a fitness video game for the Xbox 360. The game encouraged users to be physically active, and allowed users to earn and compete with others with NikeFuel points, which were a unit of measuring athletic performance.



Nike+ Kinect

8.      In addition to creating innovative digital sport products, Nike has also been an industry leader in tying its innovations to the Nike community of athletes, and in using those innovations to foster engagement among that community.

9.      For example, in 1996, Nike created its first e-commerce website in advance of the Atlanta Summer Olympics. Shortly thereafter, and in connection with

the 1998 World Cup, Nike began using viral campaigns to gain awareness and create community in social networks. Nike also began developing mobile apps to, at least in part, create brand loyalty through dialogue and to leverage that loyalty into consumers advocating for the brand online. Nike immediately recognized the opportunity of tying its digital sport innovations to the community.  For example, in the early days of mobile apps, Nike explained: "[o]ur mission was always about making athletes better. While gear is a sharp point for us, what we really see is the opportunity to extend and deepen the relationship with customers, making it more than a dashboard of data."  (https://www.forbes.com/sites/darrenheitner/2016/08/02/just-do-digital-nikes-fundamental-shift-to-direct-to-consumer/).

10.    Nike's mobile apps, such as the Nike+ Running App, Nike Run Club, and Nike Training Club, include features that create a community for athletes, including at least: tracking and storing activity-related progress, such as location, pace, distance, elevation, heart rate, miles splits; providing athletes with personalized coaching and training tips; allowing athletes to compete and compare results with others, including on social networks; supporting and enabling athletes having their own social networks, with tailored feeds based on personal interests; and providing athletes direct access to Nike's online digital store with highlights of products. These features drive athletes to continue to engage with their community, especially when motivation is decreased or lacking, and helps athletes stick to fitness and wellness goals.

11.    Nike's mobile apps also changed e-commerce. In 2015, for example, Nike introduced its SNKRS app, which is an e-commerce platform that provides wider access to limited releases or product drops. As another example, in 2016, Nike became the first company in the sports apparel industry to develop a digital membership program, which Nike called "NikePlus." The program enables users to have one account with access to online and in-store personalized services.

12.     As of the date of filing this lawsuit, Nike's digital ecosystem has more than 75 million people who actively engage in its digital ecosystem of products. These digital and digital sport innovations contributed, and continue to contribute, to Nike's success and competitive positioning. Partially because of this, Nike pursues intellectual property protection for its digital sport innovations, and Nike protects its hard-earned rights against infringement.

13.     In the context of this lawsuit, Nike owns a robust portfolio of patents directed to its digital sport innovations for use in or with fitness equipment and apps, and especially for its features that drive athletes to continuously engage with a like-minded community of athletes dedicated to improving fitness and wellness.

14.     Lululemon is infringing several of those patents by making and selling The Mirror Home Gym and accompanying mobile applications, examples of which are shown below.



The Mirror Home Gym



The Mirror App

15.     Prior to filing this lawsuit, Nike notified Lululemon of its infringement. Lululemon refused to stop and instead summarily dismissed Nike's claims. (*See* Exhibits 1 and 2.) Lululemon instead continues to make and sell The Mirror Home Gym and accompanying mobile applications without Nike's authorization and in violation of Nike's patents.

## THE PARTIES

16.     Nike is a corporation organized under the laws of the State of Oregon with a principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

17.     On information and belief, Lululemon Athletica is a corporation existing under the laws of the State of Delaware, with its principal place of business at 1818 Cornwall Avenue, Vancouver, British Columbia V6J 1C7. Lululemon Athletica operates its own retail stores, as well retail stores for various subsidiary companies, and advertises, markets, distributes, and/or sells retail merchandise in the City and State of New York and throughout the world. Lululemon Athletica is doing business in the State of New York. Lululemon Athletica operates multiple retail locations in the State of New York.

18.     On information and belief, MIRROR is a corporation existing under the laws of the State of Delaware, with its principal place of business at 1261 Broadway #208, New York, New York 10001.

19.     On information and belief, MIRROR is a wholly owned subsidiary of Lululemon Athletica.

## JURISDICTION AND VENUE

20.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

21.     This Court has personal jurisdiction over Lululemon because Lululemon has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

22.     Venue is proper in this District pursuant to 28 U.S.C. § 1400 for Lululemon Athletica because it maintains a regular and established place of business in this District and has committed, and continues to commit, acts of infringement in this District, including but not limited to making, using, offering to sell, selling, and/or importing products that infringe one or more claims of Nike's patents at issue in this lawsuit.

23.     Venue is proper in this District pursuant to 28 U.S.C. § 1400 for MIRROR because MIRROR maintains a regular and established place of business (including its headquarters) in this District and has committed, and continues to commit, acts of infringement in this District, including but not limited to making, using, offering to sell, selling, and/or importing products that infringe one or more claims of Nike's patents at issue in this lawsuit.

## FACTUAL BACKGROUND

24.     Nike's principal business activity is the design, development and worldwide marketing and selling of athletic footwear, apparel, and equipment.

25.     Nike invests heavily in research, design, and development; and those efforts are key to Nike's success.

26.     Nike's investments in research, design, and development have led to many innovative technologies, including the technologies at issue in this case.

27.     Nike has taken steps to protect its innovative technologies, including by filing and obtaining patents around the world.

28.     Relevant to this dispute, Nike owns all right, title, and interest in, and has the right to sue and recover for past, present, and future infringement of, U.S.

Patent Nos. 8,620,413 ("the '413 patent"); 9,278,256 ("the '256 patent"); 9,259,615 ("the '615 patent"); 10,188,930 ("the '930 patent"); 10,232,220 ("the '220 patent"); and 10,923,225 ("the '225 patent") (collectively, the "Asserted Patents").

29.    The U.S. Patent and Trademark Office duly and legally issued the '413 patent on December 31, 2013. A true and correct copy of the '413 patent is attached hereto as Exhibit 3.

30.    The U.S. Patent and Trademark Office duly and legally issued the '256 patent on March 8, 2016. A true and correct copy of the '256 patent is attached hereto as Exhibit 4.

31.    The U.S. Patent and Trademark Office duly and legally issued the '615 patent on February 16, 2016. A true and correct copy of the '615 patent is attached hereto as Exhibit 5.

32.    The U.S. Patent and Trademark Office duly and legally issued the '930 patent on January 29, 2019. A true and correct copy of the '930 patent is attached hereto as Exhibit 6.

33.    The U.S. Patent and Trademark Office duly and legally issued the '220 patent on March 19, 2019. A true and correct copy of the '220 patent is attached hereto as Exhibit 7.

34.    The U.S. Patent and Trademark Office duly and legally issued the '225 patent on February 16, 2021. A true and correct copy of the '225 patent is attached hereto as Exhibit 8.

35.    The Asserted Patents are presumed to be valid.

36.    Without Nike's authorization, Lululemon makes, uses, offers for sale, sells, and/or imports into the United States products that practice the claimed inventions of the Asserted Patents.

37.     Lululemon's products that infringe claims of the Asserted Patents include at least The Mirror Home Gym and accompanying mobile applications (the "Mirror System").

38.     On information and belief, Lululemon sells and offers to sell the Mirror System directly to end-user customers through its e-commerce websites (*e.g.,* https://shop.lululemon.com/story/mirror-home-gym; https://www.mirror.co/) and its retail stores.

39.     On information and belief, Lululemon sells and offers to sell the Mirror System directly to end-user customers in the United States, including in this District.

40.     Lululemon has infringed, and continues to infringe, the Asserted Patents by making, using, selling, offering to sell, and/or importing at least the Mirror System in this District and elsewhere in the United States without the consent or authorization of Nike.

41.     Prior to filing this lawsuit, Nike sent a notice letter to Lululemon on November 3, 2021, attaching the Asserted Patents and alleging Lululemon's infringement thereof. The notice letter included representative, non-limiting claim charts mapping the infringement of the Mirror System to each of the Asserted Patents. The notice letter and claim charts are attached hereto as Exhibit 1.

42.     Lululemon has therefore been on notice of the Asserted Patents and its infringement since at least November 3, 2021.

43.     In response to the notice letter, Lululemon refused to stop its infringements or take a license to Nike's Asserted Patents. Lululemon instead continues to make, use, sell, offer to sell, and/or import its Mirror System without Nike's consent or authorization and in violation of the Asserted Patents. Lululemon's response letter is attached as Exhibit 2.

## FIRST CLAIM FOR RELIEF
### (INFRINGEMENT UNDER 35 U.S.C. § 271 OF THE '413 PATENT)

44. Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1–43 of this Complaint.

45. Lululemon directly infringes the '413 patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, and/or selling a system (including, without limitation, the Mirror System) that infringes one or more claims of the '413 patent, literally or under the doctrine of equivalents.

46. Lululemon's Mirror System practices at least one claim of the '413 patent. An exemplary claim, claim 1 recites:

An apparatus comprising:

a processor; and

a memory storing instructions that, when executed by the processor, cause the apparatus at least to:

prompt a user to exercise at a plurality of successive exertion levels, wherein an exertion level is based on a level of physical fitness of a user;

determine a plurality of heart rate zones based on first heart rate measurements received from a sensor while the user exercises at the plurality of successive exertion levels;

generate a prompt instructing a user to exercise while maintaining heart rate within a particular one of the plurality of heart rate zones;

process second heart rate measurements received from the sensor subsequent to generating the prompt; and

determine whether the second heart rate measurements are within the particular heart rate zone.

11

47.    The Mirror System practices the invention claimed in the '413 patent. For example, the Mirror System includes an apparatus comprising: a processor; and a memory storing instructions that, when executed by the processor, cause the apparatus at least to: prompt a user to exercise at a plurality of successive exertion levels, wherein an exertion level is based on a level of physical fitness of a user; determine a plurality of heart rate zones based on first heart rate measurements received from a sensor while the user exercises at the plurality of successive exertion levels; generate a prompt instructing a user to exercise while maintaining heart rate within a particular one of the plurality of heart rate zones; process second heart rate measurements received from the sensor subsequent to generating the prompt; and determine whether the second heart rate measurements are within the particular heart rate zone.

48.    Lululemon actively induces others, including at least end-user customers of the Mirror System, to infringe at least claim 1 of the '413 patent in violation of 35 U.S.C. § 271(b). Lululemon causes, instructs, urges, encourages, and/or aids others to directly infringe at least claim 1 of the '413 patent by making, using, offering to sell, selling, and/or importing in and into the United States the infringing Mirror System, as detailed above. Lululemon's active inducement includes, for example and without limitation, marketing, selling, and offering to sell the Mirror System, providing instructions on how to use the Mirror System, selling instrumentation or devices for use with the Mirror System, and promoting the use of the Mirror System. For example, Lululemon promotes the use of the Mirror System on its websites and in its retail stores, and encourages end-user customers to use the Mirror System by means of marketing materials and videos. Lululemon also instructs end-user customers on how to use the Mirror System by means of product manuals. Selected articles from Lululemon's websites describing the structure and use of the Mirror System are attached as Exhibits 9-14 and show that Lululemon encourages end-user customers to infringe claims of the '413 patent.

49.     Lululemon contributes to end-user customers' direct infringement of the '413 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the Mirror System, which constitutes a material part of the invention in at least claim 1 of the '413 patent. Lululemon offers to sell, sells and/or imports the Mirror System knowing the same to be specifically made or especially adapted for use in an infringement of at least claim 1 of the '413 patent, and that the Mirror System is not a staple article or commodity of commerce suitable for any substantial non-infringing use.

50.     Lululemon knows, or is willfully blind to the fact that, its actions have induced and/or contributed to infringement of the '413 patent with the knowledge and intent that one or more claims of the '413 patent be infringed.

51.     At least as of November 3, 2021, Lululemon had actual knowledge of the '413 patent and its infringement thereof. Nevertheless, Lululemon has continued to infringe at least claim 1 of the '413 patent. Lululemon's infringement is objectively reckless, knowing, intentional, deliberate, and willful.

52.     Nike has suffered, and continues to suffer, economic harm as a result of Lululemon's infringing activities in an amount to be proven at trial.

53.     Lululemon's activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law, unless this Court enjoins Lululemon's infringing activities under 35 U.S.C. § 283.

54.     On information and belief, Lululemon's infringement of the '413 patent will continue unless enjoined by this Court.

**SECOND CLAIM FOR RELIEF**
**(INFRINGEMENT UNDER 35 U.S.C. § 271 OF THE '256 PATENT)**

55.     Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1–54 of this Complaint.

56.     Lululemon directly infringes the '256 patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, and/or selling a system (including, without limitation, the Mirror System) that infringes one or more claims of the '256 patent, literally or under the doctrine of equivalents.

57.     Lululemon's Mirror System practices at least one claim of the '256 patent. An exemplary claim, claim 11 recites:

A method comprising:

> receiving a prompt inviting a first user to participate in a challenge, wherein the challenge includes a competition between the first user performing athletic activities at a first location and a second user performing athletic activities at a second location different to, and remote from, the first location;

> determining an amount of athletic activity performed by the first user based on sensor data received from a sensor worn on an appendage of the first user; and

> receiving data from a second sensor indicative of an amount of athletic activity performed by the second user;

> determining whether the challenge has been met by the first user based on a comparison of the amount of athletic activity performed using the first user to the amount of athletic activity performed by the second user; and

> continuously generating and simultaneously communicating in real-time to the first user at the first location and the second user at the second location, an interface indicating whether the challenge has been met.

58.     The Mirror System practices the invention claimed in the '256 patent. For example, the Mirror System performs the steps of receiving a prompt inviting a

first user to participate in a challenge, wherein the challenge includes a competition between the first user performing athletic activities at a first location and a second user performing athletic activities at a second location different to, and remote from, the first location; determining an amount of athletic activity performed by the first user based on sensor data received from a sensor worn on an appendage of the first user; and receiving data from a second sensor indicative of an amount of athletic activity performed by the second user; determining whether the challenge has been met by the first user based on a comparison of the amount of athletic activity performed using the first user to the amount of athletic activity performed by the second user; and continuously generating and simultaneously communicating in real-time to the first user at the first location and the second user at the second location, an interface indicating whether the challenge has been met.

59.    Lululemon actively induces others, including at least end-user customers of the Mirror System, to infringe at least claim 11 of the '256 patent in violation of 35 U.S.C. § 271(b). Lululemon causes, instructs, urges, encourages, and/or aids others to directly infringe at least claim 11 of the '256 patent by making, using, offering to sell, selling, and/or importing in and into the United States the infringing Mirror System, as detailed above. Lululemon's active inducement includes, for example and without limitation, marketing, selling, and offering to sell the Mirror System, providing instructions on how to use the Mirror System, selling instrumentation or devices for use with the Mirror System, and promoting the use of the Mirror System. For example, Lululemon promotes the use of the Mirror System on its websites and in its retail stores, and encourages end-user customers to use the Mirror System by means of marketing materials and videos. Lululemon also instructs end-user customers on how to use the Mirror System by means of product manuals. Selected articles from Lululemon's websites describing the structure and use of the Mirror

System are attached as Exhibits 9-14 and show that Lululemon encourages end-user customers to infringe claims of the '256 patent.

60.     Lululemon contributes to end-user customers' direct infringement of the '256 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the Mirror System, which constitutes a material part of the invention in at least claim 11 of the '256 patent. Lululemon offers to sell, sells and/or imports the Mirror System knowing the same to be specifically made or especially adapted for use in an infringement of at least claim 11 of the '256 patent, and that the Mirror System is not a staple article or commodity of commerce suitable for any substantial non-infringing use.

61.     Lululemon knows, or is willfully blind to the fact that, its actions have induced and/or contributed to infringement of the '256 patent with the knowledge and intent that one or more claims of the '256 patent be infringed.

62.     At least as of November 3, 2021, Lululemon had actual knowledge of the '256 patent and its infringement thereof. Nevertheless, Lululemon has continued to infringe at least claim 11 of the '256 patent. Lululemon's infringement is objectively reckless, knowing, intentional, deliberate, and willful.

63.     Nike has suffered, and continues to suffer, economic harm as a result of Lululemon's infringing activities in an amount to be proven at trial.

64.     Lululemon's activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law, unless this Court enjoins Lululemon's infringing activities under 35 U.S.C. § 283.

65.     On information and belief, Lululemon's infringement of the '256 patent will continue unless enjoined by this Court.

### THIRD CLAIM FOR RELIEF
**(INFRINGEMENT UNDER 35 U.S.C. § 271 OF THE '615 PATENT)**

66.    Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1–65 of this Complaint.

67.    Lululemon directly infringes the '615 patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, and/or selling a system (including, without limitation, the Mirror System) that infringes one or more claims of the '615 patent, literally or under the doctrine of equivalents.

68.    Lululemon's Mirror System practices at least one claim of the '615 patent. An exemplary claim, claim 1 recites:

A method, comprising:

receiving athletic activity data from a device configured to be worn by a user;

receiving an activity time period;

receiving a first activity goal for the activity time period;

determining, at a processor, whether the received athletic activity data exceeds the first activity goal for a predetermined number of consecutive activity time periods; and

presenting a streak reward to the user when the received athletic activity data exceeds the first activity goal for the predetermined number of consecutive activity time periods.

69.    The Mirror System practices the invention claimed in the '615 patent. For example, the Mirror System performs the steps of receiving athletic activity data from a device configured to be worn by a user; receiving an activity time period; receiving a first activity goal for the activity time period; determining, at a processor, whether the received athletic activity data exceeds the first activity goal for a prede-

termined number of consecutive activity time periods; and presenting a streak reward to the user when the received athletic activity data exceeds the first activity goal for the predetermined number of consecutive activity time periods.

70.    Lululemon actively induces others, including at least end-user customers of the Mirror System, to infringe at least claim 1 of the '615 patent in violation of 35 U.S.C. § 271(b). Lululemon causes, instructs, urges, encourages, and/or aids others to directly infringe at least claim 1 of the'615 patent by making, using, offering to sell, selling, and/or importing in and into the United States the infringing Mirror System, as detailed above. Lululemon's active inducement includes, for example and without limitation, marketing, selling, and offering to sell the Mirror System, providing instructions on how to use the Mirror System, selling instrumentation or devices for use with the Mirror System, and promoting the use of the Mirror System. For example, Lululemon promotes the use of the Mirror System on its websites and in its retail stores, and encourages end-user customers to use the Mirror System by means of marketing materials and videos. Lululemon also instructs end-user customers on how to use the Mirror System by means of product manuals. Selected articles from Lululemon's websites describing the structure and use of the Mirror System are attached as Exhibits 9-14 and show that Lululemon encourages end-user customers to infringe claims of the '615 patent.

71.    Lululemon contributes to end-user customers' direct infringement of the '615 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the Mirror System, which constitutes a material part of the invention in at least claim 1 of the '615 patent. Lululemon offers to sell, sells and/or imports the Mirror System knowing the same to be specifically made or especially adapted for use in an infringement of at least claim 1 of the '615 patent, and that the Mirror System is not a staple article or commodity of commerce suitable for any substantial non-infringing use.

72.    Lululemon knows, or is willfully blind to the fact that, its actions have induced and/or contributed to infringement of the '615 patent with the knowledge and intent that one or more claims of the '615 patent be infringed.

73.    At least as of November 3, 2021, Lululemon had actual knowledge of the '615 patent and its infringement thereof. Nevertheless, Lululemon has continued to infringe at least claim 1 of the '615 patent. Lululemon's infringement is objectively reckless, knowing, intentional, deliberate, and willful.

74.    Nike has suffered, and continues to suffer, economic harm as a result of Lululemon's infringing activities in an amount to be proven at trial.

75.    Lululemon's activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law, unless this Court enjoins Lululemon's infringing activities under 35 U.S.C. § 283.

76.    On information and belief, Lululemon's infringement of the '615 patent will continue unless enjoined by this Court.

### FOURTH CLAIM FOR RELIEF
#### (INFRINGEMENT UNDER 35 U.S.C. § 271 OF THE '930 PATENT)

77.    Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1–76 of this Complaint.

78.    Lululemon directly infringes the '930 patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, and/or selling a system (including, without limitation, the Mirror System) that infringes one or more claims of the '930 patent, literally or under the doctrine of equivalents.

79.    Lululemon's Mirror System practices at least one claim of the '930 patent. An exemplary claim, claim 1 recites:

A computer-implemented method comprising:

providing first instructions to a user to perform a first athletic movement;

19

receiving, from a sensor, first activity data representing the first athletic movement;

calculating with a processor, based on the first activity data, a first combinatory fitness-athleticism score;

providing, in response to a triggering event, second instructions to the user to perform a second athletic movement;

receiving, from the sensor, second activity data representing the second athletic movement;

calculating, with the processor, based on the second activity data, a second combinatory fitness-athleticism score,

wherein the first and the second combinatory fitness-athleticism scores each comprise a fitness sub-score and a separate athleticism sub-score of the user,

wherein the fitness sub-score is calculated, by the processor, using one or more of an endurance fitness attribute, a flexibility fitness attribute and a strength fitness attribute of the user, and wherein the athleticism sub-score is calculated, by the processor, using one or more of a speed athleticism attribute, an agility athleticism attribute, a reaction athleticism attribute, a power athleticism attribute and a balance athleticism attribute of the user.

80.   The Mirror System practices the invention claimed in the '930 patent. For example, the Mirror System performs the steps of providing first instructions to a user to perform a first athletic movement; receiving, from a sensor, first activity data representing the first athletic movement; calculating with a processor, based on the first activity data, a first combinatory fitness-athleticism score; providing, in response to a triggering event, second instructions to the user to perform a second athletic movement; receiving, from the sensor, second activity data representing the

20

second athletic movement; calculating, with the processor, based on the second activity data, a second combinatory fitness-athleticism score, wherein the first and the second combinatory fitness-athleticism scores each comprise a fitness sub-score and a separate athleticism sub-score of the user, wherein the fitness sub-score is calculated, by the processor, using one or more of an endurance fitness attribute, a flexibility fitness attribute and a strength fitness attribute of the user, and wherein the athleticism sub-score is calculated, by the processor, using one or more of a speed athleticism attribute, an agility athleticism attribute, a reaction athleticism attribute, a power athleticism attribute and a balance athleticism attribute of the user.

81.    Lululemon actively induces others, including at least end-user customers of the Mirror System, to infringe at least claim 1 of the '930 patent in violation of 35 U.S.C. § 271(b). Lululemon causes, instructs, urges, encourages, and/or aids others to directly infringe at least claim 1 of the '930 patent by making, using, offering to sell, selling, and/or importing in and into the United States the infringing Mirror System, as detailed above. Lululemon's active inducement includes, for example and without limitation, marketing, selling, and offering to sell the Mirror System, providing instructions on how to use the Mirror System, selling instrumentation or devices for use with the Mirror System, and promoting the use of the Mirror System. For example, Lululemon promotes the use of the Mirror System on its websites and in its retail stores, and encourages end-user customers to use the Mirror System by means of marketing materials and videos. Lululemon also instructs end-user customers on how to use the Mirror System by means of product manuals. Selected articles from Lululemon's websites describing the structure and use of the Mirror System are attached as Exhibits 9-14 and show that Lululemon encourages end-user customers to infringe claims of the '930 patent.

82.    Lululemon contributes to end-user customers' direct infringement of the '930 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or

importing the Mirror System, which constitutes a material part of the invention in at least claim 1 of the '930 patent. Lululemon offers to sell, sells and/or imports the Mirror System knowing the same to be specifically made or especially adapted for use in an infringement of at least claim 1 of the '930 patent, and that the Mirror System is not a staple article or commodity of commerce suitable for any substantial non-infringing use.

83.     Lululemon knows, or is willfully blind to the fact that, its actions have induced and/or contributed to infringement of the '930 patent with the knowledge and intent that one or more claims of the '930 patent be infringed.

84.     At least as of November 3, 2021, Lululemon had actual knowledge of the '930 patent and its infringement thereof. Furthermore, the '930 patent was cited during prosecution of MIRROR's U.S. Patent No. 10,981,047 and U.S. Patent No. 11,167,172. Nevertheless, Lululemon has continued to infringe at least claim 1 of the '930 patent. Lululemon's infringement is objectively reckless, knowing, intentional, deliberate, and willful.

85.     Nike has suffered, and continues to suffer, economic harm as a result of Lululemon's infringing activities in an amount to be proven at trial.

86.     Lululemon's activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law, unless this Court enjoins Lululemon's infringing activities under 35 U.S.C. § 283.

87.     On information and belief, Lululemon's infringement of the '930 patent will continue unless enjoined by this Court.

## FIFTH CLAIM FOR RELIEF
### (INFRINGEMENT UNDER 35 U.S.C. § 271 OF THE '220 PATENT)

88.     Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1–87 of this Complaint.

89.   Lululemon directly infringes the '220 patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, and/or selling a system (including, without limitation, the Mirror System) that infringes one or more claims of the '220 patent, literally or under the doctrine of equivalents.

90.   Lululemon's Mirror System practices at least one claim of the '220 patent. An exemplary claim, claim 11 recites:

An apparatus comprising:

a processor; and

a non-transitory, computer-readable medium storing computer-readable instructions that, when executed, cause the apparatus to:

record athletic activity performed by a user;

receive a sharing option selection configured to allow the recorded athletic activity to be shared; and

in response to receiving the sharing option selection, transmitting workout information associated with the recorded athletic activity to a network page of a social networking site viewable by one or more other users.

91.   The Mirror System practices the invention claimed in the '220 patent. For example, the Mirror System comprises a processor; and a non-transitory, computer-readable medium storing computer-readable instructions that, when executed, cause the apparatus to: record athletic activity performed by a user; receive a sharing option selection configured to allow the recorded athletic activity to be shared; and in response to receiving the sharing option selection, transmitting workout information associated with the recorded athletic activity to a network page of a social networking site viewable by one or more other users.

92.   Lululemon actively induces others, including at least end-user customers of the Mirror System, to infringe at least claim 11 of the '220 patent in violation

of 35 U.S.C. § 271(b). Lululemon causes, instructs, urges, encourages, and/or aids others to directly infringe at least claim 11 of the '220 patent by making, using, offering to sell, selling, and/or importing in and into the United States the infringing Mirror System, as detailed above. Lululemon's active inducement includes, for example and without limitation, marketing, selling, and offering to sell the Mirror System, providing instructions on how to use the Mirror System, selling instrumentation or devices for use with the Mirror System, and promoting the use of the Mirror System. For example, Lululemon promotes the use of the Mirror System on its websites and in its retail stores, and encourages end-user customers to use the Mirror System by means of marketing materials and videos. Lululemon also instructs end-user customers on how to use the Mirror System by means of product manuals. Selected articles from Lululemon's websites describing the structure and use of the Mirror System are attached as Exhibits 9-14 and show that Lululemon encourages end-user customers to infringe claims of the '220 patent.

93.    Lululemon contributes to end-user customers' direct infringement of the '220 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the Mirror System, which constitutes a material part of the invention in at least claim 11 of the '220 patent. Lululemon offers to sell, sells and/or imports the Mirror System knowing the same to be specifically made or especially adapted for use in an infringement of at least claim 11 of the '220 patent, and that the Mirror System is not a staple article or commodity of commerce suitable for any substantial non-infringing use.

94.    Lululemon knows, or is willfully blind to the fact that, its actions have induced and/or contributed to infringement of the '220 patent with the knowledge and intent that one or more claims of the '220 patent be infringed.

95.    At least as of November 3, 2021, Lululemon had actual knowledge of the '220 patent and its infringement thereof. Nevertheless, Lululemon has continued

to infringe at least claim 11 of the '220 patent. Lululemon's infringement is objectively reckless, knowing, intentional, deliberate, and willful.

96.     Nike has suffered, and continues to suffer, economic harm as a result of Lululemon's infringing activities in an amount to be proven at trial.

97.     Lululemon's activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law, unless this Court enjoins Lululemon's infringing activities under 35 U.S.C. § 283.

98.     On information and belief, Lululemon's infringement of the '220 patent will continue unless enjoined by this Court.

## SIXTH CLAIM FOR RELIEF
### (INFRINGEMENT UNDER 35 U.S.C. § 271 OF THE '225 PATENT)

99.     Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1–98 of this Complaint.

100.    Lululemon directly infringes the '225 patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, and/or selling a system (including, without limitation, the Mirror System) that infringes one or more claims of the '225 patent, literally or under the doctrine of equivalents.

101.    Lululemon's Mirror System practices at least one claim of the '225 patent. An exemplary claim, claim 1 recites:

A method comprising

establishing, by a sensor device, data communication with a piece of workout equipment;

transmitting, by the sensor device and to the piece of workout equipment, a first set of data for operating a first function of the piece of workout equipment; and

transmitting, by the sensor device and to the piece of workout equipment, a first set of activity data corresponding to an activity performed

by a user during a first time period, wherein the piece of workout equipment is configured to display the first set of activity data.

102.   The Mirror System practices the invention claimed in the '225 patent. For example, the Mirror System performs the steps establishing, by a sensor device, data communication with a piece of workout equipment; transmitting, by the sensor device and to the piece of workout equipment, a first set of data for operating a first function of the piece of workout equipment; and transmitting, by the sensor device and to the piece of workout equipment, a first set of activity data corresponding to an activity performed by a user during a first time period, wherein the piece of workout equipment is configured to display the first set of activity data.

103.   Lululemon actively induces others, including at least end-user customers of the Mirror System, to infringe at least claim 1 of the '225 patent in violation of 35 U.S.C. § 271(b). Lululemon causes, instructs, urges, encourages, and/or aids others to directly infringe at least claim 1 of the '225 patent by making, using, offering to sell, selling, and/or importing in and into the United States the infringing Mirror System, as detailed above. Lululemon's active inducement includes, for example and without limitation, marketing, selling, and offering to sell the Mirror System, providing instructions on how to use the Mirror System, selling instrumentation or devices for use with the Mirror System, and promoting the use of the Mirror System. For example, Lululemon promotes the use of the Mirror System on its websites and in its retail stores, and encourages end-user customers to use the Mirror System by means of marketing materials and videos. Lululemon also instructs end-user customers on how to use the Mirror System by means of product manuals. Selected articles from Lululemon's websites describing the structure and use of the Mirror System are attached as Exhibits 9-14 and show that Lululemon encourages end-user customers to infringe claims of the '225 patent.

104.   Lululemon contributes to end-user customers' direct infringement of the '225 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the Mirror System, which constitutes a material part of the invention in at least claim 1 of the '225 patent. Lululemon offers to sell, sells and/or imports the Mirror System knowing the same to be specifically made or especially adapted for use in an infringement of at least claim 1 of the '225 patent, and that the Mirror System is not a staple article or commodity of commerce suitable for any substantial non-infringing use.

105.   Lululemon knows, or is willfully blind to the fact that, its actions have induced and/or contributed to infringement of the '225 patent with the knowledge and intent that one or more claims of the '225 patent be infringed.

106.   At least as of November 3, 2021, Lululemon had actual knowledge of the '225 patent and its infringement thereof. Nevertheless, Lululemon has continued to infringe at least claim 1 of the '225 patent. Lululemon's infringement is objectively reckless, knowing, intentional, deliberate, and willful.

107.   Nike has suffered, and continues to suffer, economic harm as a result of Lululemon's infringing activities in an amount to be proven at trial.

108.   Lululemon's activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law, unless this Court enjoins Lululemon's infringing activities under 35 U.S.C. § 283.

109.   On information and belief, Lululemon's infringement of the '225 patent will continue unless enjoined by this Court.

## **JURY DEMAND**

110.   Pursuant to Federal Rule of Civil Procedure 38(b), Nike hereby demands a trial by jury of all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Nike respectfully prays for:

A.     A judgment and order that Lululemon has directly infringed, induced infringement of, and contributed to infringement of the Asserted Patents;

B.     A judgment and order permanently enjoining Lululemon and its affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with Lululemon, from directly or indirectly infringing the Asserted Patents;

C.     A judgment and order that Lululemon's infringement of the Asserted Patents has been willful;

D.     A judgment and order requiring Lululemon to pay Nike damages adequate to compensate Nike for Lululemon's infringements of the Asserted Patents pursuant to 35 U.S.C. § 284, including increased damages up to three times the amount found or assessed pursuant to 35 U.S.C. § 284;

E.     A judgment and order requiring Lululemon to pay Nike supplemental damages or profits for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed;

F.     A judgment and order requiring Lululemon to pay Nike pre-judgment and post-judgment interest on any damages or profits awarded;

G.     A determination that this action is an exceptional case pursuant to 35 U.S.C. § 285;

H.     An award of Nike's attorneys' fees for bringing and prosecuting this action;

I.     An award of Nike's costs and expenses incurred in bringing and prosecuting this action; and

J.     Such further and additional relief as this Court deems just and proper.

Dated:  January 5th, 2022                Respectfully submitted,

_/s/_    _Michael J. Sebba_
Christopher J. Renk (*pro hac vice to be filed*)
Michael J. Harris (*pro hac vice to be filed*)
Aaron Bowling (*pro hac vice to be filed*)
ARNOLD & PORTER KAYE SCHOLER LLP
70 W. Madison Street, #4200
Chicago, IL 60602
Telephone: (312) 583-2300
Facsimile:  (312) 583-2360

Michael J. Sebba*
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Facsimile:  (213) 243-4199
*Admitted only in New York; not admitted to
 the practice of law in California.

*Attorneys for Plaintiff Nike, Inc.*

29