## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NIKE, INC., | **)** | Case No. 1:22-cv-00082-RA-OTW |
| | **)** | |
| Plaintiff, | **)** | **STIPULATION AND [PROPOSED]** |
| | **)** | **PROTECTIVE ORDER** |
| vs. | **)** | |
| | **)** | |
| LULULEMON ATHLETICA INC. and | **)** | |
| CURIOUSER PRODUCTS INC. d/b/a | **)** | |
| MIRROR | **)** | |
| | **)** | |
| Defendants. | **)** | |

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Protective Order"), it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. **Definitions**.

   a. <u>Action</u>:  The above-captioned litigation, *Nike, Inc. v. lululemon Athletica Inc. et al*, Case No. 1:22-cv-00082-RA-OTW (S.D.N.Y.), and any appeals therefrom.

   b. <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of Discovery Material under this Protective Order.

   c. <u>Consultant</u>:  Person who (1) has been retained by a Party or its Counsel to serve as a consultant in this Action, (2) is not a past or current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party.

   d. <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel.

e.      <u>Designated Information</u>:  Any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE."  Designated Information shall not include materials that have been published or publicly disseminated, or that are otherwise publicly available before their disclosure in this Action.

f.      <u>Designating Party</u>:  A Party or Non-Party that designates Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE."

g.      <u>Discovery Material</u>:  All items or information, including from any Party or Non-Party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

h.      <u>Expert</u>:  Person with specialized knowledge or experience in a matter pertinent to this Action who (1) has been retained by a Party or its Counsel to serve as an expert witness in this Action, (2) is not a past or current employee of a Party, for the avoidance of doubt, consultants who had previously worked for a Party are not considered past employees (provided, however, that the Parties reserve their right to object to these experts pursuant to Paragraph 9), and (3) at the time of retention, is not anticipated to become an employee of a Party.

i.      <u>In-House Counsel</u>:  Counsel employed by a Party to this Action with responsibility for managing this Action.  In-House Counsel includes support staff employed by a Party to this Action who have responsibility for supporting In-House Counsel in connection with managing this Action.

j.      <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

k.      <u>Outside Counsel of Record</u>:  Attorneys who are counsel of record for a Party in this Action and have appeared in this Action on behalf of that Party or are partners or employees of a law firm that has appeared on behalf of that Party and that have responsibilities relating to this Action.  Outside Counsel of Record includes support staff employed by a Party to this Action who have responsibility for supporting Outside Counsel of Record in connection with managing this Action.

l.      <u>Party</u>:  Any party to this Action.

m.      <u>Producing Party</u>:  A Party or Non-Party that produces Discovery Material in this Action.

n.      <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

o.      <u>Receiving Party</u>:  A Party that receives Discovery Material from a Producing Party.

p.      <u>Source Code</u>:  Computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component.

2.      **Confidential Designation**.   Counsel for the Producing Party may designate any

of its produced Discovery Material, in whole or in part, as "CONFIDENTIAL" if Counsel

determines, in good faith, that it contains confidential, proprietary, or commercially sensitive

information or otherwise qualifies for protection under Federal Rule of Civil Procedure 26(c),

such as technical information regarding non-public software or software development,

confidential business or financial information, information regarding confidential business

practices, or other confidential research, development, or commercial information (including

information implicating privacy rights of third parties), confidential third party information,

information otherwise generally unavailable to the public, or which may be privileged or

otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or

common law.  Such Discovery Material shall be stamped "CONFIDENTIAL."

3.      **Highly Confidential Designation**.   Counsel for the Producing Party may

designate any of its produced Discovery Material,  in whole  or in part, as "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," if Counsel determines, in good faith, that

the disclosure of such Discovery Material is likely to cause economic harm or significant

competitive disadvantage to the Producing Party.  The Parties agree that the following

information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, customer data

compilations, financial data and analyses, sales information, sales or marketing forecasts or

plans, business plans, sales or marketing strategy, product development information, scientific or

technical research, engineering documents, testing documents, employee information, third-party

confidential information, and other non-public information of similar competitive and business

sensitivity. Such Discovery Material shall be stamped "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY."

4.    **Source Code Designation**.  Counsel for the Producing Party may designate any

of its produced Discovery Material as "OUTSIDE COUNSELS' EYES ONLY – SOURCE

CODE" if it is, constitutes, or reflects Source Code.  All such Discovery Material shall be subject

to the specific Source Code protections provided for herein in Paragraph 13.

5.    **Limited Use of Designated Information**.  All "Confidential," "Highly

Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material shall

be used by the Receiving Party solely for purposes of the prosecution or defense of this Action,

shall not be used by the Receiving Party for any business, commercial, competitive, personal or

other purpose, and shall not be disclosed by the Receiving Party to anyone other than those set

forth in Paragraphs 6, 7, and 8, unless and until the restrictions herein are removed either by

written agreement of counsel for the Parties, or by Order of the Court.  It is, however, understood

that counsel for a Receiving Party may give advice and opinions to his or her client solely

relating to this Action based on his or her evaluation of "Confidential," "Highly Confidential –

Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material, provided that such

advice and opinions shall not reveal the content of such "Confidential," "Highly Confidential –

Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material.

6.    **Disclosure of Confidential Information**.  Discovery Material designated as

"CONFIDENTIAL"  shall be disclosed only in accordance with this Protective Order and only to

the following persons:

a.    Outside Counsel of Record.  The Receiving Party's Outside Counsel of

Record in this Action;

b.      <u>In-House Counsel</u>.  Up to five (5) of the Receiving Party's In-House Counsel who have signed the Agreement to be Bound (<u>Exhibit 1</u>), as well as their support staff employed by the Receiving Party to this Action who have responsibility for supporting In-House Counsel in connection with managing this Action and who need not separately sign the Agreement to be Bound (<u>Exhibit 1</u>);

c.      <u>Experts and Consultants</u>.  Experts and Consultants assisting in the prosecution or defense of this Action who have signed the Agreement to Be Bound (<u>Exhibit 1</u>) and been cleared pursuant to Paragraph 9 of this Protective Order, as well as their administrative staff to the extent necessary to assist such outside consulting or testifying experts in the conduct of this Action and who need not separately sign the Agreement to be Bound (<u>Exhibit 1</u>) provided that they are contractually bound to keep confidential their work on the engagement;

d.      <u>Court Reporters</u>.  Stenographic and videotape court reporters engaged in proceedings incident to preparation for deposition of trial in this Action and to whom disclosure is necessary;

e.      <u>Court Personnel</u>.  The Court and its personnel (including the mediator, or other person having access to any Designated Information by virtue of his or her position with the Court);

f.      <u>Drafters or Recipients</u>.  Any person who was an author, addressee, or intended and authorized recipient of the material provided, however, that other than at deposition or trial, if the person to whom disclosure is made is a former employee of a Producing Party then the disclosure shall be made only after the following conditions have been satisfied:  (a) the Producing Party has received notice of the proposed

disclosure; and (b) the Producing Party has approved the disclosure pursuant to this Paragraph or the Court has ruled that the person may receive the material.  Each such Producing Party shall have seven (7) calendar days from the date of notice to object.  Any objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all Parties.  Failure to object within the applicable time period shall constitute approval of the disclosure by the Producing Party.  If the Parties are unable to resolve the Producing Party's objections, then application may be made to the Court to resolve the matter.  The burden of persuasion in this situation shall be on the Producing Party.

      g.     <u>Producing Party Witness</u>.  Persons described in Paragraph 10.

      h.     <u>Jury or Trial Consultants</u>.  Subject to the conditions set forth in Paragraph 9, jury or trial consultants retained by counsel for the Parties for the purpose of trial preparation in the Action, their employees, and any mock jurors engaged by such jury or trial consultants in connection with trial preparation in the Litigation.

      i.     <u>Litigation Vendors</u>.  Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, litigation support personnel, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials and provided that they have signed the Agreement to be Bound (<u>Exhibit 1</u>).

      7.     **<u>Disclosure of "Highly Confidential – Attorneys' Eyes' Only" Information</u>**.  Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

shall be disclosed only in accordance with this Protective Order and only to the persons identified in Paragraphs 6(a), and 6(c) - 6(i).

8.      **Disclosure of "Outside Counsel's Eyes Only – Source Code" Information**. Discovery Material designated as "OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE" shall be disclosed only in accordance with this Protective Order, only to the persons identified in Paragraphs 6(a) and 6(c) - 6(i), and only subject to the additional Source Code protections provided in Paragraph 13.

9.      **Agreement to be Bound**.  All proposed In-House Counsel, Experts, Consultants, jury or trial consultants, and vendors may receive "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material subject to the terms of Paragraphs 6, 7, and 8, and only after the proposed recipient has executed the undertaking attached hereto as Exhibit 1.  (The administrative and clerical staff of an outside consulting or testifying expert, jury or trial consultant, or vendor shall be deemed to have signed the undertaking in the form of Exhibit 1 when the outside consulting or testifying expert, jury or trial consultant, or vendor supervising such individuals has executed the undertaking.  Mock jurors shall also be deemed to have signed the undertaking in the form of Exhibit 1 when the jury consultant or supervising employee has executed the undertaking, provided however that mock jurors shall have executed a written confidentiality agreement providing that "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material shall not be disclosed to others and shall be used only on connection with the mock jury exercise.)  In addition, all proposed Experts and Consultants shall be permitted to access

"Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material only after the following additional conditions have been satisfied:

      a.      The Agreement to be Bound has been served on the Producing Party together with the following information:  (A) a current and complete resume or curriculum vitae showing all employment history for the past ten (10) years; (B) an identification of all consulting or client relationships for the last five (5) years (provided that where there is a contractual obligation of confidentiality, a statement of the general nature of the client's business operations including whether they are involved in electronic trading may suffice for the initial disclosure); (C) a list of publications from the last ten (10) years; (D) a list of prior deposition or trial testimony in civil or criminal actions in which they have testified for the past five (5) years, including the case number, court, and whether deposition or trial testimony was provided; and (D) all current professional relationship(s) with any of the Parties, any known competitor of the Parties, any entity in any business relating to exercise equipment with electronic monitoring, recording, analysis, transmission, or sharing of physiological or fitness related activity.

      b.      The Producing Party has approved the proposed recipient, failed to object within the prescribed ten (10) calendar day period, or the Court has ruled on an application that the proposed recipient may receive the "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material.  The Producing Party shall have ten (10) calendar days after notice complying with the requirements of Paragraph 9(a) is received to object to the disclosure of the Designated Information to the person(s) identified.  Any objection shall be made in good faith, stating with particularity the reasons for the objection, and must be served in

writing on all Parties.  Failure to object within the period referenced above shall be deemed approval, and the person(s) shall thereafter be qualified to have access to the "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material of the Producing Party.  Should the Parties be unable to resolve an objection, then the Party objecting to the disclosure shall raise this matter with the Court and request an Order restricting such person's access to the "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material.  Failure to raise this matter with the Court within twenty-one (21) calendar days after actual receipt of the objection by the notifying party shall be deemed approval (unless this period is tolled by agreement), and the person(s) shall thereafter be qualified to have access to the "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material.  The objecting party shall have the burden of persuasion before the Court.

10.    **<u>Use During Examination or Cross-Examination</u>**.  Nothing in this Protective Order shall limit a Party's ability to use "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material to examine or cross-examine deposition or trial witnesses (a) who are current officers, employees, agents, attorneys, or consulting or testifying experts of the Producing Party from which the "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material

originated or was received; and/or (b) whom the Producing Party has designated under Federal Rule of Civil Procedure 30(b)(6).

11.   **Inadvertent Failure to Designate**.

a.   The inadvertent or unintentional production of "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material without proper designation, shall not be deemed a waiver in whole or in part of a Producing Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.

b.   Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the Discovery Material was produced that the Discovery Material should have been designated "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material.  The Receiving Party to whom such Discovery Material was produced shall treat such Discovery Material as designated by counsel's written notice, and shall also make good faith efforts to retrieve any previously disclosed "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material from unauthorized recipients.  If the Receiving Party is unable to arrange for the return or destruction of such documents and things from unauthorized individuals, the Receiving Party shall notify the Producing Parry within fourteen (14) calendar days of notice from the Producing Party of the identity of such unauthorized persons and the efforts made to secure the return or destruction of the information.  The Receiving Party's disclosures, prior to the receipt of notice from the Producing Party of a new designations, of

"Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel

Only – Source Code" material to unauthorized persons shall not be deemed a violation of

this Protective Order.

      c.      The Producing Party shall promptly provide substitute copies of the

Discovery Material bearing the appropriate confidentiality legend.  Within ten (10)

calendar days of receipt of the substitute copies of the produced material, the Receiving

Party shall return or destroy originally produced material and not retain any copies

thereof.

      d.      If the Receiving Party disagrees with the re-designation of the Discovery

Material it may challenge the confidentiality designation pursuant to and in the manner

prescribed in Paragraph 18.  The Receiving Party must nevertheless comply with the

terms of this Paragraph through the pendency of any challenge.

      12.      **Maintenance of Designated Information**.  "Confidential," "Highly Confidential

– Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" shall be securely

maintained at all times with reasonable precautions taken to ensure that access to such material is

restricted only to persons entitled to have such access pursuant to this Stipulated Protective

Order.

      13.      **"Outside Counsel Only – Source Code" Protections**.  "Outside Counsel Only –

Source Code" shall be subject to all of the protections of "Highly Confidential – Attorneys Eyes

Only" material and also subject to the following additional limitations:

      a.      "Outside Counsel Only – Source Code" material shall be provided for

inspection by the Producing Party in electronic form at (1) the Producing Party's outside

counsel's office; (2) another suitable office designated by the Producing Party; or (3) another mutually-agreed upon location.

b.      Access to a Producing Party's Source Code shall be provided in a secure room on a Stand-Alone Computer that is disconnected from all networks (including the Internet), and with all networking and output functions disabled.  The Stand-Alone Computer may be connected to a printer for operation by staff of the Producing Party's outside counsel for the limited purposes under this Paragraph.

c.      The Stand-Alone Computer shall be made available from 9:00 a.m. to 5:00 p.m. local time, Monday through Friday (excluding holidays), upon three (3) business days' notice.

d.      All persons entering the secure room containing the Stand-Alone Computer must agree to submit to reasonable security measures to ensure they are not carrying any electronic devices into the secure room before they will be given access to the secure room.  The prohibited electronic devices include, without limitation, laptops, USB memory sticks, CDs, floppy disks, portable hard drives, or any devices that can access the Internet or any other network or external system.

e.      The Producing Party may post a representative outside of the secure room to ensure that only persons permitted under this Stipulated Protective Order enter the secure room, and to ensure that prohibited items are not carried into the review room.

f.      The Producing Party may have a representative monitor the review to ensure that unauthorized persons do not enter the room and that no unauthorized items are taken into or used in the room.  This monitoring may be performed in person or

remotely by camera; provided however that the representative shall not otherwise observe the reviewing personnel for purposes of determining the substance of their review.

g.      The Receiving Party's outside counsel and/or consulting or testifying experts may take notes relating to the Source Code.  The Receiving Party cannot copy Source Code into any such notes, but can make reference to line numbers and to words, phrases, functions, variable names, line numbers and the like that appear in the Source Code.  All notes relating to Source Code shall be conspicuously marked at the top of every page as "Outside Counsel Only – Source Code."

h.      The Source Code will be stored in its native form and in its native directory structure as the source code is organized and kept in the ordinary course of business.  The Producing Party shall install on the Stand-Alone Computer tools that are sufficient for viewing and searching the code produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business and are licensed for such use.  The Receiving Party's outside counsel and/or consulting or testifying experts may request that commercially available software tools for viewing and searching source code be installed on the Stand-Alone Computer, provided, however, that (1) the Receiving Party possesses an appropriate license to such software tools; (2) such software tools are compatible with the operating system used in the ordinary course of the Producing Party's business; and (3) such software tools are reasonably necessary for the Receiving Party to perform its review of the source code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with such licensed software tool(s) at least five (5) business days in advance of the date upon which

the Receiving Party wishes to have the additional software tools available for use on the Stand-Alone Computer.

i.       No paper printouts shall be made of source code except for:  (a) Portions necessary for use in and preparation for this case, including but not limited to when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other Party; to prepare internal attorney work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts; and (b) such other uses to which the Parties may agree or the Court may order.

j.       The Receiving Party may request a reasonable number of pages of source code to be printed by the Producing Party (as further described below), but only if and to the extent necessary for use in this action.  Within five (5) business days, the Producing Party shall (A) provide one copy set of such pages to the Receiving Party on watermarked or colored paper bearing Bates numbers and the legend "Outside Counsel Only – Source Code"; or (B) inform the Receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  If, after meeting and conferring regarding such an objection, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed source code in question is narrowly tailored and is sought to be printed for a permitted purpose.  Contested source code print outs need not be produced to the Receiving Party until the matter is resolved by the Court.  The burden of persuasion as to any such objections shall be on the Producing Party.  The printed

pages shall constitute part of the source code produced by the Producing Party in this action.

k.     The Receiving Party shall not request to print more than twenty (20) consecutive pages of any source code file.  If the Receiving Party wishes to print more pages beyond this page limit, the parties shall meet and confer in good faith and the Producing Party shall not unreasonably withhold permission to the Receiving Party to exceed the page limit.

l.     The Receiving Party may not make any photocopies or other reproductions of the received source code.  At the Receiving Party's request, up to two (2) additional sets (or subsets) of printed source code may be requested and provided by the Producing Party in a timely fashion, wherein each copy will be marked with a control number (*e.g.*, Photocopy 1, 2) indicating which copy it is.

m.     All original printouts and photocopies of "Outside Counsel Only – Source Code" material shall be kept by the Receiving Party in a secured, locked area in the office of the Receiving Party's outside counsel; or, alternatively, in a secure, locked area in the office of the Receiving Party's consulting or testifying experts designated by the Receiving Party under this Protective Order.

n.     The Receiving Party may temporarily keep original printouts and photocopies of Source Code at:  (A) the Court for any proceedings(s) relating to the source code, for the dates associated with the proceeding(s); (B) the sites where any deposition(s) relating to the source code are taken, for the dates associated with the deposition(s); and (C) any intermediate location reasonably necessary to transport the original printouts and photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition)

16

provided that the original printouts and photocopies are stored in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.  Only for the purposes identified in this Paragraph, the Receiving Party may transport original printouts and photocopies by a person authorized under Paragraph 8 to another person authorized under Paragraph 8 on paper via hand carry, Federal Express or other similarly reliable courier (tracking numbers or comparable mechanisms must be used).  Nothing in this Paragraph is intended to restrict the Court's retention of any such original printouts and photocopies as part of its record.

        o.      Under no circumstances is source code to be copied or transmitted in electronic form without the prior written authorization of the Producing Party except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically (including drafts thereof and related work product materials).  With respect to the foregoing sentence, motions, pleadings, discovery responses, claim charts, and expert reports are included in the types of documents that "must be filed or served electronically."  The Receiving Party, however, will include the minimal amount of such source code as is necessary.

14.    **Depositions**.  With respect to any depositions that involve a disclosure of "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material of a Party to this Action, such Party shall have until thirty (30) days after receipt of the final deposition transcript within which to inform all other parties that portions of the transcript are to be designated "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material, which period may be extended by agreement of the parties.  No such deposition transcript shall be disclosed to any individual other

than the individuals described in Paragraphs 6(a) and 6(c) through 6(i) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraphs 6(a) and 6(c) - 6(i) during said thirty (30) days.  Upon being informed that certain portions of a deposition are to be designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Order.

15.     **Designated Information Subpoenaed or Ordered Produced in Other Litigation**.  This Protective Order in no way excuses noncompliance with a lawful subpoena or court order.  The purpose of the duties described in this section is to alert the interested parties to the existence of this Protective Order and to give the Producing Party an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.  If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items received by that Party in this Action and that is Designated Information, the Receiving Party must do the following:

a.      Promptly notify the Producing Party in writing.  Such notification shall include a copy of the subpoena or court order.

b.      Promptly notify in writing the Party or Non-Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Order.

c.      Cooperate with all reasonable procedures sought by the Producing Party whose material may be affected.

d.      If the Producing Party promptly seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any Designated Information in this Action before a determination by the court where the subpoena or order issued, unless the Receiving Party has obtained the Producing Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its Designated Information in that court.

16.     **Prosecution Bar**.

a.      Absent written consent from the Producing Party, any individual who accesses "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE" information produced by the opposing Party shall not be involved, directly or indirectly, in preparing, prosecuting, supervising, or assisting in the preparation or prosecution of any patent application or claims relating to exercise equipment with electronic monitoring, recording, analysis, transmission, or sharing of physiological or fitness related activity.  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this Action.

b.      This provision does not prohibit any person who accesses "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE" information from participating in reexamination proceedings,

Post-Grant Review proceedings, *Inter Partes* Review proceedings, or any continuing

Covered Business Method Review proceedings, provided that they (1) do not advise on,

consult on, prepare, draft, or edit any amendment to specifications or claims in

connection with those proceedings, and (2) do not rely upon or use, directly or indirectly,

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "OUTSIDE

COUNSELS' EYES ONLY – SOURCE CODE" information in those proceedings.

       c.     The Prosecution Bar shall apply on an individual-by-individual basis and

not to a law firm or to an entity; for the sake of clarity, counsel and employees at a law

firm or Party to this litigation who do not have access to "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSELS' EYES ONLY – SOURCE

CODE" shall not be subject to this Prosecution Bar; provided, however, that counsel for

each receiving party shall implement measures to ensure that no "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSELS' EYES

ONLY – SOURCE CODE" may be accessed by any attorney or patent agents in any way

involved with such prosecution and further shall create an "Ethical Wall" between those

persons with access to such confidential information and any individuals who are

participating in any way in such prosecution.

    17.    **Personally Identifying Information**.  Any Personally Identifying Information

("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information

that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving

Party in a manner that is secure and confidential.

    18.    **Confidentiality Challenges**.  If counsel for a Party receiving documents or

information designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," and

"Outside Counsel Only – Source Code" material objects to such designation of any or all of such items, the following procedure shall apply.

      a.    Counsel for the Challenging Party shall serve on the Producing Party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection.  Counsel for the Producing Party shall respond in writing to such objection within fourteen (14) calendar days, and shall state with particularity the grounds for asserting that the document or information is "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material or shall adjust the designation.  The parties shall thereafter meet and confer in good faith in an effort to resolve the dispute.

      b.    If a dispute cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by letter, in accordance with Local Civil Rule 37.2, before filing a formal motion for an order regarding the challenged designation.  The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

19.    **Inadvertent Production of Privileged Material**.

      a.    The inadvertent or mistaken disclosure of any information, document or thing protected by attorney-client privilege, work-product immunity, or any other applicable privilege, doctrine or immunity ("Inadvertently Produced Privileged Material") will not be deemed a waiver of or estoppel as to any claim of privilege, protection, or immunity.  The Producing Party may notify the other parties of the

Inadvertently Produced Privileged Material by identifying the material and stating the basis for withholding such Inadvertently Produced Privileged Material.

b.      Upon receiving notification of Inadvertently Produced Privilege Material, the Parties possessing said material shall within five (5) calendar days return or destroy the Inadvertently Produced Privileged Material and all copies thereof, and shall expunge from any other document or material information derived solely from the Inadvertently Produced Privileged Material, and provide a certification of counsel that all such information has been returned or destroyed.

c.      Within five (5) calendar days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Produced Privilege Material.

d.      After the Inadvertently Produced Privileged Material is returned or destroyed pursuant to this Paragraph, a Party may move the Court for an order compelling production of the Inadvertently Produced Privileged Material, but said Party may not assert as a ground for compelling production the fact or circumstance that the Inadvertently Produced Privileged Material had already been produced.  The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Produced Privileged Material.  Nothing in this Order shall limit the right of any party to request an *in camera review* of the Inadvertently Produced Privileged Material.

e.      The Parties recognize that this protection is stricter than that provided for under Federal Rule of Civil Procedure 26(b)(5)(B).

20.    **Unauthorized Use and Disclosure**.

a.    If "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material is disclosed to any person other than in the manner authorized by this Stipulated Protective Order ("Unauthorized Person"), the Party responsible for the unauthorized disclosure, and any Party with knowledge of the unauthorized disclosure shall, immediately upon learning of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure including, without limitation, an identification of the "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" disclosed and the Unauthorized Persons to whom the disclosure was made.

b.    The Party responsible for the disclosure also promptly shall take all reasonable measures to recover the material disclosed without authorization and to ensure that no further or greater unauthorized disclosure or use of such information or materials is made by doing the following, without limitation: (i) promptly informing the Unauthorized Person that the material contains "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material and of the provisions of this Protective Order; (ii) requesting that the Unauthorized Person sign an Agreement to be Bound (Exhibit 1) to be promptly provided to the Producing Party; and (iii) retrieving all copies of "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material disclosed to the Unauthorized Person.  The Producing Party and Party that disclosed the "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" shall cooperate in good faith in this effort.

23

      c.     Any person found to have made an impermissible use of any Designated Information will be subject to, without limitation, appropriate civil penalties, including contempt of court.

21.    **Filing Under Seal**.  Notwithstanding the designation of information as Designated Information in discovery, there is no presumption that such information shall be filed with the Court under seal.  The parties shall follow the Court's procedures with respect to filing under seal.

22.    **Relevance and Admissibilty**.  Nothing in this Protective Order constitutes an admission by any party that Designated Information disclosed in this case is relevant or admissible.  Each Party reserves the right to object to the use or admissibility of the Designated Information.

23.    **Termination of Access**.

      a.     In the event that any person or party ceases to be engaged in the conduct of the Action, such person's or party's access to any and all "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material shall be terminated.  In addition, all copies of "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material shall be returned or destroyed consistent as soon as practicable, and no later than thirty (30) calendar days, after such person or party ceases to be engaged in the conduct of the Litigation.

      b.     The provisions of this Protective Order shall remain in full force and effect as to any person or party who previously had access to any "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code"

material, except as may be specifically ordered by the Court or consented to by the

Producing Party.

24.    **Final Disposition**.

a.    Within sixty (60) calendar days after the conclusion of the Action, after all

appeals periods have expired or execution of a settlement agreement finally disposing of

the action ("Termination of the Action"), each party or other individual to whom any

"Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel

Only – Source Code" material was provided shall either (A) assemble and return to

counsel for the Producing Party; or (B) destroy such material in a manner that it will not

be disclosed or recovered by any person, all originals and unmarked copies of documents

and things containing "Confidential," "Highly Confidential – Attorneys' Eyes Only," and

"Outside Counsel Only – Source Code" material and shall certify their compliance with

this Paragraph.

b.    Notwithstanding Paragraph 24(a), Outside Counsel of Record may retain

for archival purposes subject to the provisions of this Protective Order copies of all

(i) pleadings and court papers; (ii) deposition transcripts, trial transcripts,

declarations/affidavits, and exhibits to the foregoing; and (iii) attorney work product

including such materials containing, quoting, discussing, or analyzing "Confidential,"

"Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source

Code"; provided that counsel shall take all reasonable efforts to ensure that "Outside

Counsel Only – Source Code" material is redacted in its entirety from any such materials.

c.      The "Confidential" and "Highly Confidential – Attorneys' Eyes Only"

material kept by Outside Counsel of Record pursuant to this Paragraph shall be

maintained in accordance with this Protective Order.

25.      **Injunctive Relief**.  In the event anyone shall violate or threaten to violate the

terms of this Protective Order, the Parties agree that the aggrieved party may immediately apply

to obtain injunctive relief against any such person.

26.      **Modifications to Protective Order**.  Any Party may, on motion or other request

to the Court and for good cause shown, seek a modification of this Protective Order, and, by its

agreement to this Protective Order, no Party shall be deemed to have waived the right to

modifications later sought by such Party.  No modification in this Protective Order that adversely

affects the protection of any document produced or given by a third party in this case shall be

made without giving to that third party appropriate notice and opportunity to be heard by the

Court.  Nothing in this Protective Order shall limit the Parties' ability to stipulate to the receipt of

"Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only –

Source Code" material by a particular individual, to the manner in which an individual may

receive such information, whether or not such individuals are listed under Paragraphs 6, 7, and 8,

or to modifications to deadlines required by this Protective Order.

27.      **Hearings and Trial**.

a.      The Parties shall confer and attempt in good faith to agree before any trial

or other hearing on the procedures under which "Confidential," "Highly Confidential –

Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material may be

introduced into evidence or otherwise used at such trial or hearing.  Upon reaching

agreement, the Parties shall give notice of the terms of such agreement to each non-party

producing any "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material which may be used or introduced at such trial or hearing.  Absent agreement, the Court shall be asked to issue an order governing the use of such "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material at trial or hearing upon reasonable notice to all parties and non-parties who have produced such information.  Nothing in this Protective Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing before this Court, and any request for confidentiality, closure, or sealing of any hearing or trial must be made to the judge then presiding.

b. The Parties shall provide non-parties with notice of potential use at trial of any "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material produced by that non-party as soon as practicable if and when they are listed as potential exhibits in the required filings prior to commencement of trial.  The Parties shall give notice as soon as practicable after "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material which is not listed on the exhibit list is determined to be used by counsel for a Party at trial.

28. **Additional Terms**.

a. This Protective Order shall not deprive any party of its right to object to discovery by any other party or person on any otherwise permitted ground.

b.      This Protective Order shall survive the termination of this Action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

c.      Entering into, agreeing to or producing or receiving "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material or otherwise complying with the terms of this Protective Order shall not:

i.      operate as an admission or concession by any Party that any "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material reflects, or does not reflect, confidential or proprietary information, any trade secrets, or otherwise sensitive information or other type of confidential information;

ii.     prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein;

iii.    prejudice in any way the rights of a Party to object to any discovery request seeking production of material it considers not subject to discovery on any ground permitted by the Federal Rules of Civil Procedure or Rules of this Court, including any applicable privilege;

iv.     prejudice in any way the rights of a Party to seek a determination by the Court that particular materials be produced;

v.      prejudice in any way the rights of a Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

       vi.     prejudice in any way the rights of a Party to apply to the Court for further protective orders, including a higher level of protection then provided for by this Protective Order; nor

       vii.    prejudice in any way the rights of a Party to seek modification of this Protective Order upon due notice to all Parties and affected third parties.

29.     **<u>Disclosures Under Protective Order</u>**.  All disclosures required under this Protective Order shall be transmitted by email to counsel for the affected Parties.  Email disclosures sent by 5 p.m. (Eastern Time) shall be deemed to have been sent on that date, and emails disclosures sent after 5 p.m. (Eastern Time) shall be deemed to have been sent on the following day; provided, however, that objections to any proposed disclosures may be made through midnight (Eastern Time) on the prescribed date.

30.     **<u>Jurisdiction of the Court</u>**.  The Parties, all persons subject to discovery in these proceedings and all persons who receive "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material pursuant to this Protective Order, consent to and shall be subject to the jurisdiction of this Court in any proceeding relating to performance under, compliance with, or violation of this Protective Order.  The Court hereby retains jurisdiction to interpret and enforce this Protective Order or to impose sanctions for any contempt thereof during the pendency of this action and following dismissal, if any, and further retains jurisdiction to modify, amend or make additions to this Order as it may from time to time deem appropriate.

**SO STIPULATED AND AGREED.**

Dated:  June 1, 2022

*/s/ Christopher J. Renk*
Christopher J. Renk (admitted *pro hac vice*)
Michael J. Harris (admitted *pro hac vice*)
Aaron P. Bowling (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
70 W. Madison Street, Suite 4200
Chicago, IL 60602
Telephone:  (312) 583-2300
Email:  chris.renk@arnoldporter.com
        michael.harris@arnoldporter.com
        aaron.bowling@arnoldporter.com

Michael J. Sebba* (SBN 5398540)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone:  (213) 243-4000
Email:  michael.sebba@arnoldporter.com
*Admitted only in New York; not admitted to the practice of law in California.*

Bridgette C. Gershoni (admitted *pro hac vice*)
Michael J. Gershoni (admitted *pro hac vice*)
Kathleen P. Duffy (SBN 5910153)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone:  (202) 942-5000
Email:  bridgette.gershoni@arnoldporter.com
        michael.gershoni@arnoldporter.com
        kathleen.duffy@arnoldporter.com

Bonnie Phan (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
3 Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone:  (415) 471-3138
Email:  bonnie.phan@arnoldporter.com

*Attorneys for Plaintiff Nike, Inc.*

Dated:  June 1, 2022

/s/ Kyle W. Mooney
Kyle W. Mooney
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
Phone:  (212) 468-8000
Email:  kmooney@mofo.com

Stefani E. Shanberg (admitted *pro hac vice*)
Diek O. Van Nort (admitted *pro hac vice*)
Jennifer J. Schmidt (admitted *pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
Phone: (415) 268-7000
Email:  sshanberg@mofo.com
          dvannort@mofo.com
          jschmidt@mofo.com

*Attorneys for Defendants Lululemon Athletica Inc.
and Curiouser Products Inc. d/b/a Mirror*

**SO ORDERED.**

Dated: 06/02/2022
          New York, New York

**HON. ONA T. WANG**
United States Magistrate Judge

**Exhibit 1**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| NIKE, INC., | **)** | Case No. 1:22-cv-00082-RA-OTW |
| | **)** | |
| Plaintiff, | **)** | **STIPULATION AND** |
| | **)** | **PROTECTIVE ORDER** |
| vs. | **)** | |
| | **)** | |
| LULULEMON ATHLETICA INC. and | **)** | |
| CURIOUSER PRODUCTS INC. d/b/a | **)** | |
| MIRROR | **)** | |
| | **)** | |
| Defendants. | **)** | |

**Agreement To Be Bound**

I, _____, state that:

1.       My present employer is _____ and the

address of my present employment is _____.

2.       My present occupation or job description is _____.

3.       I have carefully read and understood the provisions of the Protective Order in this

case signed by the Court in the above-captioned case.

4.       I will comply with all provisions of the Protective Order.

5.       I will hold in confidence and not disclose to anyone not qualified under the

Protective Order any "Confidential," "Highly Confidential – Attorneys' Eyes Only," and

"Outside Counsel Only – Source Code" material or any words, summaries, abstracts, or indices

of "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only –

Source Code" disclosed to me.

6.      I will limit use of "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material disclosed to me solely for purpose of this action.

7.      No later than the final conclusion of the case, I will return or destroy all "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Outside Counsel Only – Source Code" material, and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:           _____

Name (print):   _____

Signature:      _____