UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC.,<br><br>   Plaintiff,<br><br>vs.<br><br>LULULEMON ATHLETICA INC.;<br>and<br>CURIOUSER PRODUCTS INC. D/B/A MIRROR<br><br>   Defendants. | Case No. 1:22-cv-00082-RO-OTW<br><br>**[PROPOSED] ORDER REGARDING E-DISCOVERY** |

The Court ORDERS as follows:

1. This Order streamlines the production of email and other electronically-stored information ("ESI") to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified for good cause. If the parties cannot resolve their disagreements regarding any such proposed modifications, the parties shall submit the matter to the Court.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. **Production of ESI**.  ESI shall be produced in response to general production requests served pursuant to Federal Rule 34 subject to the responding

party's objections and privileges; *provided, however*, that email and real-time electronic communications (*e.g.*, SMS, Slack, WhatsApp, Microsoft Teams) shall not be produced in response to such general production requests.

  6. **Email Production**.  To obtain email, each side (Nike as one side, and lululemon and Mirror as the other side) must propound specific "Email Production Requests."

    (a) Email Production Requests shall not be used for broad, general discovery of a product or business.

    (b) Email Production Requests shall further identify the custodian, search terms, and time frame.  The parties shall cooperate to identify the proper custodians, proper search terms, and proper timeframe.

    (c) Each requesting side shall limit its email production requests to a total of five (5) custodians. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five (5) additional custodians, provided that the burden is on the party seeking such additional custodians to demonstrate a distinct need based on the size, complexity, and issues of this specific case.

    (d) Each requesting side shall limit its email production requests to a total of five (5) search terms per custodian.  The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five (5) additional search terms per custodian, provided that the burden is on the party seeking such additional search terms to demonstrate a distinct need based on the size, complexity, and issues of this specific case. All search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.

A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

(d) Email Production Requests shall require the production of non-privileged email falling within the scope of one or more Rule 34 requests for production, subject to objections, from the email that satisfies the specified custodian, search term, and date restrictions.

(e) Email Production Requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

(f) The Parties reserve their right to object to proposed custodians and search terms.

7. **Production Format**. Documents and information stored by the producing party in hard copy and ESI shall, to the extent that it is technically and/or practically feasible, be produced electronically as follows:

(a) Single-page group IV TIFFs in at least 300 dpi or JPEG for color, to the extent reasonably possible;

(b) Each document produced in single page image file format shall bear a unique production number and shall be named with the unique

production number followed by the appropriate file extension;

(c) Searchable text files for each document bearing the name of the beginning production number for each document (text of native files to be extracted directly from native files where possible; OCR for paper documents);

(d) Database load files and cross reference files, e.g., Concordance default-delimited file (metadata) and an Opticon-delimited file (image reference files), and including (as available) the following fields: Begno, Endno, Attach Begin, Attach End, Page Count, Sent On, To, From/Author, CC, Bcc, Sent Time, Subject, Custodian, File Name, Document Date (create, modify, last access), File Type; and

(e) MS Excel, MS Access and comparable spreadsheet and database files shall be produced in native format. Each document produced in native format shall include a single unique production number for the document

8. **Non-Waiver**. The receiving party shall not use ESI (including email produced in response to Email Production Requests) that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection. Pursuant to Federal Rule of Evidence 502(d), the production of ESI that the producing party asserts is privileged or work product protected is not a waiver in the pending case or in any other federal or state proceeding.

**SO STIPULATED AND AGREED.**

| | |
|---|---|
| Dated: June 1, 2022 | */s/ Christopher J. Renk*<br>Christopher J. Renk (admitted *pro hac vice*)<br>Michael J. Harris (admitted *pro hac vice*)<br>Aaron P. Bowling (admitted *pro hac vice*) |

4

ARNOLD & PORTER KAYE SCHOLER LLP
70 W. Madison Street, Suite 4200
Chicago, IL 60602
Telephone: (312) 583-2300
Email: chris.renk@arnoldporter.com
michael.harris@arnoldporter.com
aaron.bowling@arnoldporter.com

Michael J. Sebba* (SBN 5398540)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Email: michael.sebba@arnoldporter.com
*Admitted only in New York; not admitted to the practice of law in California.

Bridgette C. Gershoni (admitted *pro hac vice*)
Michael J. Gershoni (admitted *pro hac vice*)
Kathleen P. Duffy (SBN 5910153)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Email:
bridgette.gershoni@arnoldporter.com
michael.gershoni@arnoldporter.com
kathleen.duffy@arnoldporter.com

Bonnie Phan (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
3 Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3138
Email: bonnie.phan@arnoldporter.com

*Attorneys for Plaintiff Nike, Inc.*

5

Dated:  June 1, 2022

/s/ Kyle W. Mooney
Kyle W. Mooney
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
Phone:  (212) 468-8000
Email:  kmooney@mofo.com

Stefani E. Shanberg (admitted *pro hac vice*)
Diek O. Van Nort (admitted *pro hac vice*)
Jennifer J. Schmidt (admitted *pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
Phone: (415) 268-7000
Email:  sshanberg@mofo.com
         dvannort@mofo.com
         jschmidt@mofo.com

*Attorneys for Defendants Lululemon Athletica Inc. and Curiouser Products Inc. d/b/a Mirror*

IT IS SO ORDERED.
Dated:__06/02/2022___

_____
HON. ONA T. WANG
UNITED STATES MAGISTRATE JUDGE