UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:22-cv-00082-RA-OTW |
| | ) **JOINT STATUS REPORT** |
| LULULEMON USA INC. and CURIOUSER PRODUCTS INC. d/b/a MIRROR | ) |
| Defendants. | ) |

Plaintiff Nike, Inc. ("Plaintiff") and Defendants Curiouser Products d/b/a. MIRROR and lululemon usa inc. ("Defendants"; collectively with Plaintiff, the "Parties") submit this Joint Status Report pursuant to the Court's Order at the Court's Initial Scheduling Conference. The Court directed the Parties to address (1) proposed case schedule, including claim construction and (2) proposed case narrowing mechanisms. The Parties address those issues in turn below.

**A.   Proposed Case Schedule**

The Parties have attached a proposed case schedule, including claim construction, as Exhibit A.

Plaintiff's Position: In an effort to resolve any scheduling dispute without the Court, Plaintiff agreed to most proposed dates that Defendants' proposed. However, Plaintiff seeks dates certain for interim deadlines and a trial date rather than a post claim construction conference to set discovery deadlines. Plaintiff believes providing dates certain for these deadlines will enable the case to move forward efficiently. Nike believes failing to provide actual dates for later events would result in the case failing to progress following claim construction briefing and hearing, until an order comes out. This lack of momentum may cause the case to

take longer than necessary, and will result in an inefficient use of judicial resources and the Parties' time. Furthermore, including dates certain for the close of fact and expert discovery is consistent with this Court's past practices. *See, e.g., NetSoc, LLC v. Chegg, Inc.*, 1:18-CV-10262-RA, D.I. 31 (S.D.N.Y. March 1, 2019).

Plaintiff also notes that it has agreed to serve amended infringement contentions by August 25, although its preliminary contentions complied with the requirements of the Case Management Plan. It made this agreement so as to resolve any dispute amicably and prevent an inefficient use of the Court's time.

Defendants' Position: The proposed case schedule includes a deadline of August 25, 2022, for Plaintiff to serve amended infringement contentions complying with the requirements of the Case Management Plan. (ECF No. 43 at 7.) The Case Management Plan requires Plaintiff to explain "specifically where and how each limitation of each asserted claim is found within each accused apparatus, product, device, process, method, act, or instrumentality." (ECF No. 43 at 7.) Defendants contend that Plaintiff has not complied with that requirement and has raised several deficiencies with Plaintiff. (*See, e.g.*, 7/21/2022 letter from K. Friedland to M. Sebba; 7/27/2022 letter from K. Friedland to M. Sebba.) Plaintiff has agreed to amend its contentions. Defendants expect Plaintiff to remedy those deficiencies in its amended contentions. Defendants' agreement to the proposed case schedule, including the forthcoming claim construction deadlines, is contingent on Plaintiff addressing those deficiencies so that that claim construction can move efficiently forward.

**B.  Proposed Case Narrowing Mechanisms**

    **1.  Asserted Claims and Prior Art References**

The Parties have met and conferred regarding case narrowing mechanisms but have been unable to reach agreement. The Parties' respective positions are set forth below.

**Plaintiff's Position**: Plaintiff proposes that the parties meet and confer two weeks after the claim construction order issues to determine the process for narrowing the case. Setting additional limits is not required by the Court's local rules or Local Patent Rules. Indeed, this exact scheme has been adopted by this Court in the past. *See Mediated Ambiance LLC v. TouchTunes Music Corp.*, 18-cv-02624 (PGG), D.I. 51 at 3-5 (S.D.N.Y. June 8, 2020). In this case, there is even more reason to adopt this strategy as there is a pending motion for judgment on the pleadings, which may narrow the case just as the claim construction order may. Once those rulings have provided guidance from the Court, the parties will be able to properly narrow their claims.

**Defendants' Position**: Defendants are currently asserting 44 different claims from six different and unrelated patents. This is an unwieldly number of claims for claim construction and discovery. Accordingly, the Court should establish clear and specific pre-claim construction, post-claim construction, and pre-trial limitations in order to ensure a meaningful and efficient claim construction process and the orderly completion of fact and expert discovery. The Federal Circuit has endorsed this sort of claim narrowing approach. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1311-13 (Fed, Cir. 2011) (affirming district court ruling requiring that plaintiff select a maximum of 40 claims per defendant group absent a showing that additional claims present "unique issues" of infringement or invalidity).

District courts in this and other districts have also required claim narrowing in order to manage complex multi-patent actions. *See, e.g.*, *VLSI Tech. LLC v. Intel Corp.*, No. CV 18-0966-CFC, 2020 WL 4437401, at *1–2 (D. Del. Aug. 3, 2020) (referencing prior order requiring

narrowing to 25 asserted claims before claim construction and 18 asserted claims after claim construction); *VLSI Tech. LLC v. Intel Corp.*, No. CV 18-0966-CFC, D.I. 136 (D. Del. Aug. 22, 2019) (referenced order); *Nextec Applications v. Brookwood Companies, Inc.*, 703 F. Supp. 2d 390, 397–98 (S.D.N.Y. 2010) (referencing prior orders narrowing asserted claims to ten from four patents); *Nextec Applications v. Brookwood Companies, Inc.*, No. 07 Civ. 6901 (RJH), D.I. 82 (S.D.N.Y. Jan. 7, 2009) (referenced order); *id.*, D.I. 88 (S.D.N.Y. May 19, 2009) (same). The Federal Circuit has also issued the Model Order Limiting Excess Patent Claims and Prior Art ("CAFC Model Order") and the United States Court for the Eastern District of Texas has issued a Model Order Focusing Patent Claims and Prior Art to Reduce Costs ("EDTX Model Order").

In accordance with Federal Circuit precedent, other district court orders, and the above-referenced model orders, Defendants propose the following deadlines be included in the case schedule:

(1)   By December 8, 2022, Plaintiff shall limit asserted claims to a maximum of ten (10) claims per patent and thirty-two (32) claims total (of the claims already asserted). This proposed limitation is consistent with both the CAFC Model Order (¶ 2) and the EDTX Model Order (¶ 2). *See* CAFC Model Order at ¶ 2 ("Not later than 40 days after the accused infringer is required to produce documents sufficient to show the operation of the accused instrumentalities, the patent claimant shall serve a preliminary Election of Asserted Claims, which shall contain no more than ten claims from each patent and not more than a total of 32 claims."); EDTX Model Order at ¶ 2 ("By the date set for the completion of claim construction discovery pursuant to P.R. 4-4 [before claim construction briefing], the patent claimant shall serve a Preliminary Election of Asserted Claims, which shall assert no more than ten claims from each patent and not more than a total of 32 claims.").

(2) By January 12, 2022, Defendants shall limit prior art to twelve (12) prior art references per patent and a maximum of forty (40) prior art references total (of the prior art already identified).  This proposed limitation is also consistent with the CAFC Model Order (¶ 2) and the EDTX Model Order (at ¶ 2).

(3) By dates to be established at a Post-Claim Construction Status Conference, the parties shall further limit the claims and prior art.  Plaintiff shall limit asserted claims to a maximum of five (5) claims per patent and no more than twenty (20) claims total (of the already asserted claims).  Defendants shall limit prior art to six (6) prior art references per patent and no more than twenty-five (25) prior art references total (of the then asserted prior art).  These proposed limitations are also consistent with the CAFC Model Order (¶ 3) and EDTX Model Order (¶ 3) which require that post claim construction (1) Plaintiff narrow to no more than five claims from each patent and not more than 16 claims total and (2) Defendant narrow to no more than six prior art references per patent and no more than 20 total; *provided, however*, that Defendants' proposed limits allow for 25% more total claims and prior art references to account for the fact that there are six patents in the case.

(4) Plaintiff and Defendants shall propose final narrowing of claims and prior art to the Court (after expert discovery).

Defendants propose that the above limits be revisited if any patents are no longer asserted in the case.  Defendants also propose that these limitations are without prejudice to either party seeking a reasonable modification to the asserted claims or prior art by moving the Court and establishing "good cause" for a reasonable extension of the limits.  *See In re Katz*, 639 F.3d 1303 at 1310–12.

**2. Final Contentions**

The Parties have met and conferred regarding final contentions but have been unable to reach agreement. The Parties' respective positions are set forth below.

**Plaintiff's Position**:

Plaintiff provides proposals for the final contention requirements below. While these proposals have more expansive requirements than SDNY's local patent rules, Plaintiff believes the parties would both be served by this additional detail in the contentions, and endeavored to make both parties' disclosures comparably burdensome. Plaintiff believes that Defendants' proposals are unnecessarily burdensome and tilted unevenly to require that Plaintiff's contentions are more detailed than Defendants'. For example, Defendants' proposal for invalidity contentions appears detailed but over half of it is dedicated to the manner in which Defendants' must identify the prior art, which provides minimal additional information or burden. Alternatively, Defendants seek to require that only Plaintiff's infringement contentions include an "identification [that] shall be as specific as possible." This disparity creates a burden for Plaintiff that Defendants would not be required to meet.

**Final Infringement Contentions:** Consistent with the Local Patent Rules of This Court, Plaintiff shall provide the following information in Final Infringement Contentions:

(1) Each claim of each Patent-in-Suit that is allegedly infringed by Defendants;

(2) A chart identifying specifically where and how each limitation of each asserted claim is found within each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Product") including for each element that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(3) Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

**Final Invalidity Contentions:** Similarly consistent with the Local Patent Rules of This Court, any Party asserting patent invalidity as a defense to patent infringement shall provide the following information:

(1) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious;

(2) Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness and the motivations to combine those combinations; and

(3) A chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found including for each element that Defendants contend is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and.

(4) any other grounds of invalidity including those based on 35 U.S.C. §§112 and/or 101.

Any supplementation or amendment of final invalidity or infringement contentions may be made only by agreement of the parties or by Order of the Court, which shall be entered only upon a showing of good cause.

**Defendants' Position**: Defendants propose that Final Infringement Contentions and Final Invalidity Contentions shall include the following:

(1)     Final Infringement Contentions shall include the following:

(a)     Each claim of each patent in suit that is allegedly infringed by Defendants;

(b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of Defendants of which Plaintiff is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(d) Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

(e) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

(f) If Plaintiff wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, an identification of, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

(2) Final Invalidity Contentions shall include the following:

(a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its

number, country of origin, and date of issue.  Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art sales or public disclosures under pre-AIA 35 U.S.C. § 102(b) / post-AIA 35 U.S.C. § 102(a)(1) shall be identified by specifying the item offered for sale or publicly used or the information known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.  Prior art under pre-AIA 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived.  Prior art under pre-AIA 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s). Prior art references under post-AIA 35 U.S.C. § 102(a)(1) showing that the claimed invention was otherwise available to the public shall be identified by specifying the form and nature of the reference, the manner in which the reference was made public, and the date on which the reference was made public;

(b)     Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

(c)     A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that Defendants contend is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

    (d) Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(b) or enablement or written description under 35 U.S.C. § 112(a) of any of the asserted claims.

Any supplementation or amendment of final contentions may be made only by agreement of the parties or by Order of the Court, which shall be entered only upon a showing of good cause.

  These proposed disclosure requirements closely track those implemented in other district courts (*e.g.*, Northern District of California, Eastern District of Texas) and will ensure that the issues in the case are focused and crystalized in advance of expert discovery and summary judgment. *See, e.g.*, *Yama Cap. LLC v. Canon Inc.*, No. 12 CIV. 7159 KPF, 2013 WL 6588589, at *3 (S.D.N.Y. Dec. 13, 2013) (purpose of infringement contentions is "to require a plaintiff to crystallize its theory of the case and patent claims").

Dated: August 5, 2022

           */s/ Christopher J. Renk*
Christopher J. Renk (admitted *pro hac vice*)
Michael J. Harris (admitted *pro hac vice*)
Aaron P. Bowling (admitted *pro hac vice*)
Arnold & Porter Kaye Scholer LLP
70 W. Madison Street, Suite 4200
Chicago, IL 60602
Telephone: (312) 583-2300
Email: chris.renk@arnoldporter.com
michael.harris@arnoldporter.com
aaron.bowling@arnoldporter.com

Michael J. Sebba* (SBN 5398540)
Arnold & Porter Kaye Scholer LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Email: michael.sebba@arnoldporter.com
*\*Admitted only in New York; not admitted to the practice of law in California.*

Bridgette C. Gershoni (admitted *pro hac vice*)
Michael J. Gershoni (admitted *pro hac vice*)
Kathleen P. Duffy (SBN 5910153)
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Email: bridgette.gershoni@arnoldporter.com
michael.gershoni@arnoldporter.com
kathleen.duffy@arnoldporter.com

Bonnie Phan (admitted *pro hac vice*)
Arnold & Porter Kaye Scholer LLP
3 Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3138
Email: bonnie.phan@arnoldporter.com

*Attorneys for Plaintiff Nike, Inc.*

11

Dated:  August 5, 2022

    */s/ Kyle W. Mooney*
Kyle W. Mooney (SBN 3970639)
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
Phone:  (212) 468-8000
Email:  kmooney@mofo.com

Stefani E. Shanberg (admitted *pro hac vice*)
Diek O. Van Nort (admitted *pro hac vice*)
Jennifer J. Schmidt (admitted *pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
Phone: (415) 268-7000
Email:  sshanberg@mofo.com
dvannort@mofo.com
jschmidt@mofo.com

*Attorneys for Defendants Lululemon USA Inc. and Curiouser Products Inc. d/b/a Mirror*

**Exhibit A**

| Event | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Status Conference | Wednesday, August 10, 2022 ||
| Plaintiff Serves Amended Infringement Contentions Complying with the Requirements of the Case Management Plan (Plaintiff limited to already-asserted claims and cannot add new claims) | Thursday, August 25, 2022 ||
| Parties Exchange Disputed Claim Terms for Construction | Thursday, September 15, 2022 ||
| Deadline For Parties to Meet and Confer to Discuss and Finalize Claim Terms for Construction | Thursday, September 22, 2022 ||
| Parties Exchange Proposed Constructions for Disputed Claim Terms | Thursday, September 22, 2022 ||
| Deadline for Parties to Meet and Confer Regarding Disputed Claim Terms and Proposed Constructions | Thursday, September 29, 2022 ||
| Final Identification of Disputed Claim Terms and Proposed Constructions (to be briefed) | Thursday, October 6, 2022 ||
| Joint Claim Construction Chart[1] | Thursday, October 20, 2022 ||
| Claim Construction Declarations (including expert declarations) | Thursday, November 3, 2022 ||
| Deadline to Complete Claim Construction Discovery (including any depositions) | Thursday, December 1, 2022 ||

---

[1] The Joint Claim Construction Chart shall set forth: (1) the construction of those claim terms, phrases, or clauses on which the parties agree; (2) each party's proposed claim construction or indefiniteness position for each disputed claim term, together with an identification of intrinsic and extrinsic evidence known to the party on which it intends to rely either to support its position or to oppose any other party's position (including a list of experts expected to submit declaration in support of claim constructions positions and a brief description of the substance of their testimony); (3) the anticipated length of time necessary for the Claim Construction Hearing; and (4) whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing and the identity of each witness.

NY-2423250

| Event | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Deadline for Plaintiff to Limit Asserted Claims to a Maximum of Ten (10) Claims Per Patent and Thirty-Two (32) Claims Total | *not necessary* (to be decided after claim construction order) | Thursday, December 8, 2022 |
| Deadline for Defendants to Limit Prior Art to Twelve (12) Prior Art References Per Patent and a Maximum of Forty (40) Prior Art References Total | *not necessary* (to be decided after claim construction order) | Thursday, January 12, 2023 |
| Plaintiff's Opening Claim Construction Brief | Thursday, January 12, 2023 ||
| Defendants' Responsive Claim Construction Brief | Thursday, February 9, 2023 ||
| Plaintiff's Reply Claim Construction Brief | Thursday, February 23, 2023 ||
| Defendants' Sur-Reply Claim Construction Brief | *not necessary* | Thursday, March 1, 2023 |
| Claim Construction Tutorial and *Markman* Hearing | Monday, March 15, 2023, or next availability of the Court ||
| Post-Claim Construction Status Report Regarding Impact of Claim Construction Rulings and to Set Remaining Pre-Trial Deadlines | *not necessary* | 7 days after Court's Claim Construction Ruling |
| Status Conference to Set Remaining Pre-Trial Deadlines | *not necessary* | 14 days after Court's Claim Construction Ruling, or next availability of the Court |
| The Parties Shall Meet And Confer To Set A Time In The Schedule For Reducing The Number Of Asserted Claims And Invalidity Defenses | 14 days after Court's Claim Construction Ruling | Deadlines to be specified in Post-Claim Construction Status Report. Limitations as set forth in August 5, 2022 Status Report |
| Final Infringement Contentions | Thursday, May 25, 2023 | To be set at Post-Claim Construction Status Hearing Alternatively, 30 days after Claim Construction Ruling |

| Event | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Final Invalidity Contentions | Thursday, June 1, 2023 | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively, 60 days after Claim Construction Ruling |
| Opinion of Counsel Election [Per Local Patent Rule 10] | Thursday June 8, 2023 | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively, Thursday June 8, 2023 |
| Depositions Completed | Thursday, June 8, 2023 | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively, Thursday, June 8, 2023 |
| Fact Discovery Completed | Thursday, June 8, 2023 | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively, Thursday, June 8, 2023 |
| Settlement Conference | Thursday, June 15, 2023 | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively, Thursday, June 15, 2023 |
| Deadline for Plaintiff to Limit Asserted Claims to a Maximum of Five (5) Claims Per Patent and No More Than Sixteen (16) Claims Total | *not necessary* (to be decided after claim construction order) | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively, Thursday, June 22, 2023 |
| Deadline for Defendants to Limit Prior Art to Six (6) Prior Art References Per Patent and No More Than Forty (20) Prior Art References Total | *not necessary* (to be decided after claim construction order) | To be set at Post-Claim Construction Status Hearing<br><br>Thursday, July 20, 2023 |
| Opening Expert Reports (for issues on which each party bears the burden of proof) | Tuesday July 11, 2023 | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively, Thursday, July 20, 2023 |

3

| Event | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Rebuttal Expert Reports | Tuesday August 8, 2023 | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively,<br>Thursday, August 31, 2023 |
| Reply Expert Reports | Tuesday August 22, 2023 | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively,<br>Thursday, September 21, 2023 |
| Expert Discovery Completed | Thursday, September 7, 2023 | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively,<br>Thursday, November 2, 2023 |
| Deadline for Parties to Submit Status Report Regarding Final Claim and Prior Art Narrowing | *not necessary* (to be determined after claim construction) | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively,<br>Thursday, December 3, 2023 |
| Summary Judgment and *Daubert* Motions: Opening Briefs | Thursday September 28, 2023 | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively,<br>Wednesday, December 20, 2023 |
| Summary Judgment and *Daubert* Motions: Opposition Briefs | Thursday, October 12, 2023 | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively,<br>Wednesday, January 24, 2024 |
| Summary Judgment and *Daubert* Motions: Reply Briefs | Thursday, October 26, 2023 | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively,<br>Thursday, February 15, 2024 |
| Serve Pre-Trial Disclosures (including proposed jury instructions, proposed verdict form, exhibit lists, witness lists, deposition designations) | Friday, December 15, 2023 (both opening and rebuttal) | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively,<br>Thursday, April 11, 2024 |

| Event | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Serve Objections to Pre-Trial Disclosures | Thursday, December 21, 2023 | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively,<br>Thursday, April 25, 2024 |
| Serve Rebuttal Disclosures (including exhibit lists, witness lists, deposition designations) | *not necessary* | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively,<br>Thursday, April 25, 2024 |
| Serve Objections to Rebuttal Pre-Trial Disclosures | *not necessary* | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively,<br>Thursday, May 2, 2024 |
| File Joint Pre-Trial Order (jury instructions, verdict form, exhibit lists, witness lists, deposition designations, joint proposed voir dire questions) | Friday January 5, 2024 | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively,<br>Thursday, May 15, 2024 |
| Pre-Trial Memorandum of Law (optional) [**Plaintiff's proposal**] | Friday January 5, 2024 | *Not necessary* |
| Motions in Limine | Wednesday January 10, 2024 | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively,<br>Wednesday, May 22, 2024 |
| Oppositions to Motions in Limine | Wednesday January 17, 2024 | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively,<br>Wednesday, May 29, 2024 |
| Replies to Oppositions to Motions in Limine | Friday January 19, 2024 | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively,<br>Monday, June 3, 2024 |

| Event | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Final Pretrial Conference | Wednesday, January 24, 2024 | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively,<br>Monday, June 10, 2024 (or next availability of the Court) |
| Jury Selection/Trial | Monday, January 29, 2024 (or next availability of the Court) | To be set at Post-Claim Construction Status Hearing<br><br>Alternatively,<br>Monday, June 10, 2024 (or next availability of the Court) |