UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC.,<br><br>        Plaintiff,<br><br>  -against-<br><br>LULULEMON USA INC. and CURIOUSER PRODUCTS INC. d/b/a MIRROR,<br><br>        Defendants. | Case No.: 1:22-cv-00082-RA-OTW<br><br>**JURY TRIAL REQUESTED** |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

  Defendants lululemon athletica inc. and Curiouser Products Inc., d/b/a MIRROR notify the Court of supplemental authority in further support of their Motion for Judgment on the Pleadings under 35 U.S.C. § 101, filed on April 22, 2022 (Dkt. Nos. 36, 54). On September 28, a court in this District issued an Opinion and Order in *Guvera IP Pty Ltd. v. Spotify, Inc.*, granting Spotify's motion to dismiss a suit for infringement of patent claims relating to data collection and processing under § 101. No. 1:21-cv-04544-JMF, Dkt. No. 56 (S.D.N.Y. Sept. 28, 2022) (Furman, J.)

  Applying Step 1 of *Alice*, the court held that the claims were directed to an abstract idea because, *inter alia*, the claimed steps could be performed mentally, "claim[ed] *results* rather than a specific method[,]" and did "not improve any computer function or enhance some aspect of computer hardware or software." *Id*. at 10-13 (emphasis in original).

  Applying Step 2 of *Alice*, the court found that the claims lacked an inventive concept that transformed the abstract idea into a patent-eligible invention. The court found that "the claims recite the process for implementing the abstract idea . . . on a computer," and that using a computer to add "speed and efficiency to an otherwise conventional process" is not an inventive concept. *Id*. at 15-16. The court rejected Guvera's argument that factual allegations in the Second Amended Complaint created a factual dispute because Guvera did not specifically identify an

"unconventional technological solution" to a "technological problem." *Id.* at 16-17 (explaining that "a claim for a new abstract idea is still an abstract idea").

The court also rejected Guvera's argument that dismissal before claim construction was premature because Guvera did not identify any specific terms that would impact the § 101 analysis or explain "how it might benefit from any particular term's construction." *Id*. at 14.

Dated: September 30, 2022

    MORRISON & FOERSTER LLP

    */s/ Kyle W.K. Mooney*
    Kyle W.K. Mooney
    Kyle D. Friedland
    250 West 55th Street
    New York, NY 10019
    Phone: (212) 468-8000
    Email: kmooney@mofo.com
    kfriedland@mofo.com

    Stefani E. Shanberg (*pro hac vice*)
    Diek O. Van Nort (*pro hac vice*)
    Jennifer J. Schmidt (*pro hac vice*)
    425 Market Street
    San Francisco, CA 94105
    Phone: (415) 268-7000
    Email: sshanberg@mofo.com
    dvannort@mofo.com
    jschmidt@mofo.com

    *Attorneys for Defendants lululemon usa inc.*
    *and Curiouser Products Inc. d/b/a Mirror*