UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 1:22-cv-00082-RA-OTW |
| LULULEMON USA INC. and | ) |
| CURIOUSER PRODUCTS INC. d/b/a | ) |
| MIRROR | ) |
| | ) |
| Defendants. | ) |

**NIKE, INC.'S REPLY CLAIM CONSTRUCTION BRIEF**

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT ......................................................................................................................... 1

    A. "a piece of workout equipment" ..................................................................................... 1

        1. lululemon forfeits any argument that the phrase "a piece of workout equipment" requires the user to be physically "on" the equipment ................ 1

        2. The Court should reject lululemon's attempt to narrow "a piece of workout equipment" to "training machines" ....................................................... 2

    B. *SuperGuide* does not require a conjunctive interpretation in this case ........................ 7

        1. Application of *SuperGuide* would improperly exclude the majority of embodiments disclosed in the '930 specification ........................................... 7

        2. Application of *SuperGuide* is improper because the '930 claims do not list categories "comprised of many possible values" ....................................... 9

        3. The prosecution history does not support lululemon's construction ............ 10

III. CONCLUSION ................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Acumed LLC v. Stryker Corp.*,
  483 F.3d 800 (Fed. Cir. 2007) .................................................................................................. 6

*Apple, Inc. v. Ameranth, Inc.*,
  842 F.3d 1229 (Fed. Cir. 2016) ................................................................................................ 5

*Famosa Corp. v. Gaiam, Inc.*,
  No. 11-cv-5703, 2012 WL 865687 (S.D.N.Y. Mar. 14, 2012) .................................................. 2

*Firtiva Corp. v. Funimation Glob.*,
  No. 22-cv-111, 2022 WL 23165 (E.D. Tex. Jan. 3, 2022) .................................................... 7, 9

*Fujifilm Corp. v. Motorola Mobility LLC*,
  No. 12-cv-03587, 2015 WL 1265009 (N.D. Cal. Mar. 19, 2015) ......................................... 8, 10

*GE Lighting Solutions, LLC v. AgiLight, Inc.*,
  750 F.3d 1304 (Fed. Cir. 2014) ................................................................................................ 6

*Heat Techs., Inc. v. Papierfabrik*,
  No. 1:18-cv-01229, 2020 WL 9460993 (N.D. Ga. Nov. 10, 2020) ........................................... 3

*Knowles Elecs. LLC v. Iancu*,
  886 F.3d 1369 (Fed. Cir. 2018) ............................................................................................ 5, 6

*Littelfuse, Inc. v. Mersen USA EP Corp.*,
  29 F.4th 1376 (Fed. Cir. 2022) ................................................................................................. 5

*Mad Catz Interactive v. Razer USA, Ltd.*,
  Case No. 3:13-cv-2371, 2015 WL 3905074 (S.D. Cal. Jun. 25, 2015) ..................................... 7

*Niazi Licensing Corp. v. St. Jude Med.*,
  30 F.4th 1339 (Fed. Cir. 2022) ................................................................................................. 4

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
  521 F.3d 1351 (Fed. Cir. 2008) ................................................................................................ 2

*Omega Engineering, Inc, v. Raytek Corp.*,
  334 F.3d 1314 (Fed. Cir. 2003) .............................................................................................. 10

*Phillips v. AWH Corp.*,
  415 F.3d 1303 (Fed. Cir. 2005) (en banc). .............................................................................. 5

*Regents of Univ. of Minnesota v. AGA Med. Corp.*,
   717 F.3d 929 (Fed. Cir. 2013) ................................................................................................. 5

*Seoul Semiconductor Co. v. Satco Products, Inc.*,
  570 F. Supp. 3d 59 (E.D.N.Y. 2021) ........................................................................................ 3

*Summit 6, LLC v. Samsung Elecs Co., Ltd.*,
  802 F.3d 1283 (Fed. Cir. 2015) ................................................................................................ 3

*SuperGuide Corp. v. DirecTV Enters.*,
　358 F.3d 870 (Fed. Cir. 2004) ............................................................................................... 8, 9

*Thorner v. Sony Comp. Entm't Am.*,
　669 F.3d 1362 (Fed. Cir. 2012) ............................................................................................... 4, 7

*TQ Delta, LLC v. Comcast Cable, LLC*,
　1:15-cv-00611, 2016 WL 7013481 (D. Del. Nov. 30, 2016) ......................................................... 7

## **TABLE OF ABBREVIATIONS**

| Abbreviation | Reference |
|---|---|
| "'930 patent" | U.S. Patent No. 10,188,930 |
| "'225 patent" | U.S. Patent No. 10,923,225 |
| "lululemon" | lululemon usa inc. and Curiouser Products Inc. d/b/a/ MIRROR |
| "Nike" | Nike, Inc. |
| "Nike Br." | Nike, Inc's Opening Claim Construction Brief (ECF No. 84) |
| "lulu Br." | lululemon usa inc. and Curiouser Products Inc.'s Answering Claim Construction Brief (ECF No. 100) |
| "Ex. __" | Exhibits to the February 23, 2023 Declaration of Aaron P. Bowling |

**I.     INTRODUCTION**

The parties agree that all three disputed phrases should receive their ordinary and customary meaning. The only question is whether the Court should depart from the patentee's chosen language and rewrite narrower claims that align with lululemon's litigation-driven objectives. For the first phrase—"a piece of workout equipment"—lululemon argues that the Court is required to narrow the phrase to "training machines" based on cherry-picked embodiments in the specification. But the Court is under no such obligation, and adopting lululemon's proposed construction would be reversible error. For the second and third phrases—the "one or more" "attribute" phrases—lululemon urges the Court to apply a "rule of construction" that doesn't exist. In doing so, lululemon asks the Court to exclude the majority of embodiments disclosed in the specification. For these reasons, the Court should decline to further construe these claim phrases.

**II.    ARGUMENT**

    **A.     "a piece of workout equipment"**

lululemon asks the Court to construe "a piece of workout equipment" to mean "a training machine on which the user performs workout activities." lulu Br. at 16. As Nike explained in its opening brief, lululemon's proposed construction improperly departs from the ordinary meaning in two ways: (1) it requires the user to be physically "on" the equipment when performing workout activities; and (2) it needlessly replaces "workout equipment" with "training machines." Nike Br. at 15–16. lululemon forfeits the first aspect of its construction and then distorts Federal Circuit authority when arguing for the second.

        **1.     lululemon forfeits any argument that the phrase "a piece of workout equipment" requires the user to be physically "on" the equipment**

In its opening brief, Nike argued that "neither the ordinary meaning nor the intrinsic record support lululemon's attempt to narrow 'workout equipment' to equipment 'on which' the user

performs workout activities." Nike Br. at 16. Nike pointed to several instances in which the intrinsic record directly contradicts this construction. Nike Br. at 16 (highlighting the specification's disclosure of "athletic equipment" as including a "bat," "racket," "club," or "ball," and "workout activities" as including "boxing" and "track and field events.").

lululemon now forfeits this aspect of its proposed construction. In its responsive brief, lululemon doesn't address any of Nike's arguments, nor does lululemon identify anything in the claims, specification, or prosecution history that would support narrowing the claim in this way. In fact, lululemon fails to make any arguments on this point whatsoever. The Court should thus reject any construction that requires the user to be physically "on" the workout equipment.

> 2. **The Court should reject lululemon's attempt to narrow "a piece of workout equipment" to "training machines"**

The Court should reject lululemon's proposed narrowing of "a piece of workout equipment" to "training machines." Contrary to lululemon's assertion, the Court is not obligated to further construe a phrase that is clear on its face. And lululemon's proposed construction contradicts the intrinsic record and Federal Circuit authority.

> *a) This Court need not—and should not—further construe a readily apparent claim phrase like "a piece of workout equipment"*

lululemon urges this Court to depart from the patentee's chosen language based on (i) *O2 Micro*; (ii) the breadth of the disputed phrase; (iii) the doctrine of claim differentiation; and (iv) the false notion that the Court will otherwise "defer claim construction to the jury." Each argument fails. This Court "need not—and should not—construe language that is clear on its face." *Famosa Corp. v. Gaiam, Inc.*, No. 11-cv-5703, 2012 WL 865687, at *2 (S.D.N.Y. Mar. 14, 2012).

***First***, *O2 Micro* does not require the court to further construe "a piece of workout equipment." Claim construction "is not an obligatory exercise in redundancy." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008). In *O2 Micro*, the Federal

Circuit held that "[w]hen the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it." 521 F.3d at 1362. Although courts must resolve the "fundamental dispute," they have no obligation to rewrite the claim. Instead, they can—and often do—resolve the dispute by agreeing with one party that no further construction is required. *E.g.*, *Summit 6, LLC v. Samsung Elecs Co., Ltd.*, 802 F.3d 1283, 1291 (Fed. Cir. 2015) (finding no *O2 Micro* violation where district court "declin[ed] to construe the [claim] term" because it is "a straightforward term that require[s] no construction [and is] comprised of commonly used terms [with] no special meaning in the art."). lululemon's reading of *O2 Micro* has been rejected by many courts. *E.g. Heat Techs., Inc. v. Papierfabrik*, No. 1:18-cv-01229, 2020 WL 9460993, at *12 (N.D. Ga. Nov. 10, 2020) ("Defendants interpretation of *O2 Micro* is essentially that if there is dispute over the claim construction of a claim term, the Court must issue a specific claim construction, *i.e.*, one other than 'plain and ordinary meaning.' *O2 Micro* does not so hold.").

lululemon argues that none of Nike's cited authority is of "any help" because the courts in those cases "did perform claim construction." lulu Br. at 19. Of course, the courts in those cases construed *some* claim terms. *See id.* But that is beside the point. In each case, the court declined to construe at least one claim term because the term had an ordinary meaning that was readily understandable to the court and jury alike. Nike Br. at 12–13. In *Seoul Semiconductor Co. v. Satco Products, Inc.*, for example, the district court held that "[c]learly, the ordinary meanings of the words suffice for these purposes and these disputed terms—'second insulation layer,' 'near the active region,' 'bend' and 'fine protrusion'—require no further construction." 570 F. Supp. 3d 59, 64 (E.D.N.Y. 2021). Ironically, lululemon's parenthetical summaries of Nike's cited cases seem to acknowledge this fact. For example, when summarizing *Geomatrix Systems*, lululemon admits

3

that the court "resolv[ed the parties'] dispute" by simply agreeing with one party that the claims required no further construction. lulu Br. at 19.

**Second**, the Court is not required to construe a claim phrase simply because the phrase's ordinary meaning is broad. lululemon argues that "a piece of workout equipment" is "so broad and ambiguous that televisions, radios, walls, books, pieces of paper, running paths, and even the English Channel (according to Nike's expert) might or might not be 'a piece of workout equipment.'" lulu Br. at 1–2. Nike agrees that the phrase "a piece of workout equipment" is broad. As Dr. McLean explained many times in his deposition, the ordinary and customary meaning of "a piece of workout equipment" includes any "equipment" that is "used for a workout or during a workout." ECF No. 101, Ex. 1 at 64:1–65:18. But a broad term is not improper. *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, 30 F.4th 1339, 1347 (Fed. Cir. 2022) ("[A] claim is not indefinite just because it is broad."). A patentee "is free to choose a broad term and expect to obtain the full scope of its plain and ordinary meaning." *Thorner v. Sony Comp. Entm't Am. LLC*, 669 F.3d 1362, 1367 (Fed. Cir. 2012).

Contrary to lululemon's feigned concerns about the "English Channel," the jury will not be presented with that far-flung inquiry. The jury will instead assess whether lululemon's accused product comprises "a piece of workout equipment" in the context of the surrounding claim: *i.e.*, a "piece of workout equipment" capable of "establishing … data communication" with a "sensor device"; capable of receiving "a first set of data" "for operating a first function of the piece of workout equipment"; capable of receiving "a first set of activity data corresponding to an activity performed by a user during a first time period"; and "configured to display the first set of activity data." *Id.* Because these limitations already exist elsewhere in the claim, it would be legal error to redundantly incorporate them into "a piece of workout equipment." *Apple, Inc. v. Ameranth, Inc.*,

4

842 F.3d 1229, 1237 (Fed. Cir. 2016) ("Construing a claim term to include features of that term already recited in the claims would make those expressly recited features redundant.").[1]

***Third***, the doctrine of claim differentiation does not require this Court to further construe "a piece of workout equipment." lululemon asks the Court to limit "a piece of workout equipment" to "training machines" because certain dependent claims "define features of 'a piece of workout equipment' and thereby show what the term means." lulu Br. at 16–17. lululemon has it backwards. "By definition, an independent claim is broader than a claim that depends from it." *Littelfuse, Inc. v. Mersen USA EP Corp.*, 29 F.4th 1376, 1380 (Fed. Cir. 2022). An independent claim must be broad enough to include the embodiment recited in a given dependent claim, but the independent claim also includes *other* embodiments not recited in that dependent claim. *Knowles Elecs. LLC v. Iancu*, 886 F.3d 1369, 1375 (Fed. Cir. 2018) (citing *Phillips*, 415 F.3d at 1315). In other words, "the presence of a dependent claim that adds a particular limitation gives rise to a presumption that the limitation in question is ***not present*** in the independent claim." *Id.* (emphasis added).

lululemon's reliance on *Regents* is unavailing. lulu Br. at 16. The *Regents* court merely held that an independent claim cannot *exclude* embodiments recited in the dependent claims. *Regents of Univ. of Minnesota v. AGA Med. Corp.*, 717 F.3d 929, 935–36 (Fed. Cir. 2013) (rejecting construction that required "first and second disks" to be a single "unitary structure," because that would exclude embodiments in the dependent claims where "another material disposed between the first and second disks"). This case is different. The ordinary meaning of "a

---

[1] lululemon's soliloquy about *Texas Digital* is also irrelevant. lulu Br. at 5. Nike is not asking the Court to construe the claims "in a vacuum." Nike's position is that the surrounding claim language and the specification—along with unrebutted expert testimony—confirm that the '225 patent uses the phrase "a piece of workout equipment" in the same way that laypersons use that phrase in common parlance. Nike Br. at 12–14. And because the plain and ordinary meaning of the disputed claim language is clear, the Court need not—and should not—further construe the phrase. *Id.*

piece of workout equipment" doesn't exclude training machines with adjustable resistance and speed—it includes them. Nike Br. at 15. lululemon's construction would improperly import limitations from dependent claims into the independent claim. *See Knowles*, 886 F.3d at 1375.

***Fourth***, lululemon's concern about "defer[ring] claim construction to the jury" is baseless. *See* lulu Br. at 18. The Federal Circuit rejected this same argument in *Acumed LLC v. Stryker Corp.*, when it affirmed a decision not to further construe the term "sharp." 483 F.3d 800, 806 (Fed. Cir. 2007). In *Acumed*—like here—the alleged infringer argued that the patentee's proposed construction was indefinite because it "did not specify precisely how 'sharp' is too sharp." *Id.* The Federal Circuit disagreed, observing that some "line-drawing" is properly left to the jury:

> [A] sound claim construction need not always purge every shred of ambiguity. The resolution of some line-drawing problems—especially easy ones like this one—is properly left to the trier of fact. … Here, the accused product has a rounded-off six-degree angle in its shaft. A reasonable jury could have found that in the context of this sort of nail, a rounded bend of six degrees was not a "sharp" angle.

*Id.* Here too, a reasonably jury is capable of understanding the phrase "a piece of workout equipment" in the '225 patent because its meaning is "readily apparent" to laypersons. *See id.* Tellingly, lululemon never argues that "training machines" is somehow more understandable to a jury than "workout equipment." This, along with lululemon's own use of "workout equipment" on its website, Nike Br. at 17, demonstrates the litigation-driven nature of lululemon's arguments.

### b) *lululemon improperly imports limitations from the specification*

The Court should reject lululemon's attempt to narrow "workout equipment" based on cherry-picked embodiments that describe the equipment as a "gym machine" with adjustable "workout machine settings." lulu Br. at 17. The '225 patent specification also discloses embodiments that describe the workout equipment as "free weights" and the workout as "free (non-machine) based activities." '225 patent at 29:13–20. The Federal Circuit has repeatedly

6

reversed district courts on grounds that "it is improper to read limitations from a preferred embodiment described in the specification—even if it is the only embodiment—into the claims." *E.g.*, *GE Lighting Solutions, LLC v. AgiLight, Inc.*, 750 F.3d 1304, 1308 (Fed. Cir. 2014); *see also Thorner*, 669 F.3d at 1366 ("We do not read limitations from the specification into claims; we do not redefine words"). This court should reject lululemon's attempt to do the same.

### B.   *SuperGuide* does not require a conjunctive interpretation in this case

lululemon admits, as it must, that *SuperGuide* did not create a universal rule of construction. lulu Br. at 9 (conceding that application of *SuperGuide* depends on "the context of the patent"). Many courts have found *SuperGuide* inapplicable in view of the patent's intrinsic record. Nike Br. at 20–21; *TQ Delta, LLC v. Comcast Cable, LLC*, No. 1:15-cv-00611, 2016 WL 7013481, at *8 (D. Del. Nov. 30, 2016); *Mad Catz Interactive v. Razer USA, Ltd.*, No. 3:13-cv-2371, 2015 WL 3905074, at *13 (S.D. Cal. Jun. 25, 2015). This case is no different. Here, lululemon's application of *SuperGuide* is improper for two reasons: (i) application of *SuperGuide* would exclude most of the embodiments disclosed in the '930 patent specification, *i.e.*, embodiments requiring fewer than all "attributes"; and (ii) the claims of the '930 patent are of a different nature than those in *SuperGuide* because they do not recite a list of categories "with many possible values." *See, e.g., Firtiva Corp. v. Funimation Glob. Corp.*, No. 2:21-cv-111, 2022 WL 23165, at *7–*8 (E.D. Tex. Jan. 3, 2022) (recognizing that "*Superguide* is context specific" and rejecting *SuperGuide*-based construction because (i) it excluded embodiments where "not all of the recited 'categories' are required" and (ii) the listed categories were "of a different nature").

### 1.   Application of *SuperGuide* would improperly exclude the majority of embodiments disclosed in the '930 specification

lululemon's *SuperGuide*-based construction is improper because it would exclude numerous embodiments that require fewer than all listed "attributes." The *SuperGuide* court's

7

construction of "at least one of" was "based on the particular facts of the particular patent at issue there." *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-cv-03587, 2015 WL 1265009, at *8 (N.D. Cal. Mar. 19, 2015). The claimed invention related to television-recording technology. *SuperGuide Corp. v. DirecTV Enters. Inc.*, 358 F.3d 870, 886–88 (Fed. Cir. 2004). The claim recited four categories: "at least one of a desired program start time, a desired program end time, a desired program service, and a desired program type." *Id.* The court reviewed the specification and concluded that "[e]very disclosed embodiment teaches that the user must choose a value for each designated category," *i.e.*, at least one start time, at least one end time, etc. *Id*. The specification did not disclose a single embodiment in which "a value for less than all the designated categories can be chosen." *Id.* In fact, if the user failed to choose at least one value for each category, the claimed invention "would be inoperable." *Id.*

That's not the case here. The specification discloses numerous embodiments in which only *some* of the attributes are used to calculate the sub-scores. For example, the specification discloses that "*[a]t least one of* the plurality of fitness attributes may be selected from the group consisting of: endurance, flexibility, strength **and combinations thereof**." '930 patent at Abstract (emphasis added)*; see also* '930 patent at 23:36–38 (same); 23:39–41 (same). These portions of the specification disclose that the fitness sub-score may, in one embodiment, be calculated based on just one fitness attribute and, in other embodiments, be calculated based on just two attributes.

Contrary to lululemon's mischaracterization, Dr. McLean provided unrebutted expert testimony that lululemon's proposed construction would exclude the majority of embodiments disclosed in the specification. ECF No. 85-2 at ¶¶ 34, 39; ECF No. 101, Ex. 1 at 153:20–154:16, 161:5–12. Dr. McLean explained that lululemon's proposed construction was improper because it required calculating the fitness sub-score using all three attributes (endurance; flexibility; and

8

strength) in all circumstances. *Id.* at 151:19–157:18. lululemon's counsel asked Dr. McLean if one of the embodiments—the embodiment requiring all three attributes—was consistent with lululemon's construction. *Id.* at 156:11–157:18. Dr. McLean explained that lululemon's construction would allow for that specific embodiment, but it would be exclude all other disclosed embodiments. *Id.* at 154:1–9; 156:1–157:18; Ex. A, McLean Dep. Tr. at 182:17–183:7. He rendered the same opinions for the "athletic attribute" claim phrase. *Id.* at 161:1–165:24.

### 2. Application of *SuperGuide* is improper because the '930 claims do not list categories "comprised of many possible values"

lululemon's *SuperGuide*-based construction is also improper because, unlike *SuperGuide*, the listed attributes in the disputed phrases are not categories "comprised of many possible values." In *Superguide*, the Federal Circuit based its construction on the fact that each listed item was a "category" and "[e]ach category is further comprised of many possible values." 358 F.3d at 886 n.9 (determining that each category "consists of more than one value"). As a result, it made sense to insert "at least one" before each category. *Id.* at 886–888. If, for example, the user wished to record a series of Chicago Cubs games, they needed to identify "at least one" start time, "at least one" end time, "at least one" service provider, and "at least one" program type. *See id.* lululemon agrees that the presence of such categories is significant. lulu Br. at 10–11 (distinguishing Nike's cited authority, *Fujifilm*, because the listed items in that case "were not categories").

This case is different. The listed items are attributes, not categories "comprised of many possible values." Each attribute corresponds to one calculated value "such as a rating or score." '930 patent at 22:23–31. Each value (endurance, flexibility, strength) is scored "based upon a user's physical activity" or "derived from the user's performance during [] physical movements with predefined criteria." *Id.* at 22:43–56. Regardless of the movement performed, whichever attribute(s) are being measured by that movement will be given a unitary score. *Id.* Many courts

9

have found *SuperGuide* inapplicable on this basis. *E.g.*, *Firtiva*, 2022 WL 23165, at *8 (construing list as disjunctive because the listed items were "of a different nature than the data here"); *Fujifilm Corp.*, 2015 WL 1265009, at *8 (construing list as disjunctive because the listed items "are not categories comprised of 'many possible values' that users must choose 'at least one of'"). All of lululemon's cited cases are inapposite because they address a different factual circumstance—one where the listed items are categories with many possible values. *See* lulu Br. at 9–10.

### 3. The prosecution history does not support lululemon's construction

Despite failing to cite to any portion of the prosecution history in the parties' Joint Claim Construction Statement, *see* Nike Br. at 11 (citing ECF No. 68), lululemon argues for the first time in its response brief that the prosecution of a grandparent application to the '930 patent supports its proposed construction. lulu Br. at 14. lululemon highlights an amendment where Nike revised the language of a different claim in a different patent by replacing "at least one of" with "one or more." *Id.* According to lululemon, this shows that "Nike knew how to claim its current proposed interpretation but chose not to do so." *Id.* But at the time Nike made this amendment, it was distinguishing a "Dooley" reference raised by the examiner, which failed to disclose even a single fitness attribute. Ex. B, Sept. 25, 2015 Remarks at 8–9. The amendment was therefore not made to overcome Dooley, and there was is no indication of Nike's intent in making this amendment. *Id.* This amendment cannot serve as a basis for narrowing the patentee's chosen language. *E.g.*, *Omega Engineering, Inc, v. Raytek Corp.*, 334 F.3d 1314, 1330 (Fed. Cir. 2003) (refusing to narrow ordinary meaning where "the intent underlying the amendment [was] ambiguous"; claim narrowing requires patentee to show "clear and unmistakable" intent to narrow the claim).

### III. CONCLUSION

Nike respectfully asks the Court to resolve the parties' claim construction disputes by rejecting lululemon's improper constructions and declining to further construe the claim phrases.

Dated: February 23, 2023             ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Aaron P. Bowling*
Aaron P. Bowling (admitted *pro hac vice*)
Christopher J. Renk (admitted *pro hac vice*)
Michael J. Harris (admitted *pro hac vice*)
Arnold & Porter Kaye Scholer LLP
70 W. Madison Street, Suite 4200
Chicago, IL 60602
Telephone: (312) 583-2300
Email: chris.renk@arnoldporter.com
       michael.harris@arnoldporter.com
       aaron.bowling@arnoldporter.com

Michael J. Sebba (SBN 5398540)
Arnold & Porter Kaye Scholer LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Email: michael.sebba@arnoldporter.com

Bridgette C. Gershoni (admitted *pro hac vice*)
Michael J. Gershoni (admitted *pro hac vice*)
Lindsey C. Staubach (admitted *pro hac vice*)
Kathleen P. Duffy (SBN 5910153)
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Email: bridgette.gershoni@arnoldporter.com
       michael.gershoni@arnoldporter.com
       lindsey.staubach@arnoldporter.com
       kathleen.duffy@arnoldporter.com

Bonnie Phan (admitted *pro hac vice*)
Arnold & Porter Kaye Scholer LLP
3 Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3138
Email: bonnie.phan@arnoldporter.com

*Attorneys for Plaintiff Nike, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on February 23, 2023, I caused a true and correct copy of **NIKE, INC.'S REPLY CLAIM CONSTRUCTION BRIEF** to be served via ECF on the following counsel for Defendants:

> Kyle W. Mooney
> Kyle D. Friedland
> Forrest McClellen
> MORRISON & FOERSTER LLP
> *kmooney@mofo.com*
> *kfriedland@mofo.com*
> *fmcclellen@mofo.com*

/s/ *Aaron P. Bowling*
For Plaintiff Nike, Inc.
