UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC., <br><br> Plaintiff, <br><br> v. <br><br> LULULEMON USA INC., and CURIOUSER PRODUCTS INC. d/b/a MIRROR, <br><br> Defendants. | No. 22-cv-00082 (RA) (OTW) <br><br> MEMORANDUM <br> OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

Nike brought this action alleging that lululemon, through its sale and development of The Mirror Home Gym and related products, infringed six Nike patents: U.S. Patent Nos. 8,620,413 ("the '413 patent"); 9,278,256 ("the '256 patent"); 9,259,615 ("the '615 patent"); 10,188,930 ("the '930 patent"); 10,232,220 ("the '220 patent"); and 10,923,225 ("the '225 patent"). On November 9, 2022, lululemon filed petitions for *inter partes* review ("IPR") of two of the six patents by the United States Patent Office's Patent Trial and Appeal Board ("PTAB"); on January 3 and 4, 2023, lululemon filed additional petitions for review of the remaining four patents. Now before the Court is lululemon's motion to stay this action pending any resulting IPR proceedings before the PTAB. For the reasons set forth below, the motion is granted and this action is hereby stayed.

## LEGAL STANDARD

"A federal district court has inherent power to stay an action pending *inter partes* review." *Goodman v. Samsung Elecs. Am, Inc.*, 2017 WL 5636286, at *2 (S.D.N.Y. Nov. 22, 2017); *see also Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). Courts in this district consider three factors when deciding whether to grant a stay pending IPR: "(1) whether a

stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party." *Id.* (quoting *Rovi Guides, Inc. v. Comcast Corp.*, 2017 WL 4876305, at *3 (S.D.N.Y. Oct. 27, 2017)). "These factors are not exclusive, however, and in the end, the overarching consideration of the circumstances in their totality governs." *Grecia v. MasterCard, Inc.*, 2017 WL 11566955, at *2 (S.D.N.Y. Apr. 3, 2017) (citing *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, 2014 WL 2854656, at *2 (S.D.N.Y. June 20, 2014)). The "burden is on the movant to establish that a stay is warranted." *Goodman*, 2017 WL 5636286, at *2.

## DISCUSSION

### I. Weighed in Their Totality, the Circumstances Here Warrant a Stay Pending IPR

The Court finds that each of the three factors here weigh in favor of a stay, as any IPR proceedings will simplify the issues in this action, this case remains at a relatively early stage of litigation, and a stay pending IPR will not unduly prejudice Nike.

*Inter partes* reviews were specifically established by Congress with the "policy goals of streamlining the patent process in general and in focusing patent enforcement litigation, thus limiting costs for all parties and preserving judicial resources." *Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, 2019 WL 365709, at *2 (E.D.N.Y. Jan. 30, 2019). In view of those significant policy goals, "the better course is to allow the PTO to apply its expertise to these proceedings before considerable judicial resources are expended." *Synkloud Techs., LLC v. Cartessa Aesthetics, LLC*, 2022 WL 1046261, at *4 (E.D.N.Y. Apr. 6, 2022).

### A. IPR Proceedings May Simplify the Issues in this Action

The PTAB's institution of any one of the six IPR petitions brought by Nike would simplify the issues presented by this action. Were the PTAB, based on the prior art before it, to invalidate

any of the asserted claims on the grounds of either anticipation, *see* 35 U.S.C. § 102, or obviousness, *see id.* § 103, for instance, such a determination would render a decision by this court invalidating those same claims under 35 U.S.C. § 101 unnecessary. Based on recent institution rates published by the PTAB, institution of IPR proceedings on at least some of the challenged claims is not merely possible in this action, but is arguably likely. *See* Friedland Aff., Ex. A (PTAB Trial Statistics FY22 End of Year Outcome Roundup, at 6, 7, 9) (demonstrating the institution rate last year was approximately 70% by patent and 67% by petition). Given institution statistics like these, as one court observed in a case, as here, involving multiple IPR petitions on multiple patent claims, "the law of probabilities makes it almost certain that the PTAB will grant at least some of the [IPR] petitions, and that some of the claims will eventually be rejected or modified, and others of them, even if neither rejected nor modified, will garner additional prosecution history that may be relevant to claim construction." *Miics & Partners Am. Inc. v. Toshiba Corp.*, 2015 WL 9854845, at *1 (D. Del. Aug. 11, 2015).

It is true, as Nike underscores, that some courts have come to the conclusion that "the factors relevant to a stay analysis cannot be meaningfully addressed until the PTO determines whether to institute an IPR." *Rensselaer Polytechnic Inst. et al. v. Apple Inc.*, 2014 WL 201965, at *3 (N.D.N.Y. Jan. 15, 2014).[1] But that view does not appear to be the majority position in this Circuit. *See, e.g., Slingshot Printing LLC v. Canon U.S.A., Inc.*, 2022 WL 17361232, at *4 (E.D.N.Y. Dec. 1, 2022) (observing that "several recent Eastern District cases have addressed this factor and favor imposition of a stay" before an institution decision); *Synkloud Techs.*, 2022 WL 1046261, at *4; *Goodman*, 2017 WL 5636286, at *3 ("[I]t would make little sense to cause the

---

[1] *See also, e.g., ThroughPuter, Inc. v. Microsoft Corp.*, 2022 WL 2498754, at *1–2 (W.D. Wash. June 1, 2022); *Trover Grp. Inc. v. Dedicated Micros USA*, 2015 WL 1069179, at *5–6 (E.D. Tex. Mar. 11, 2015); *MiMedx Grp., Inx. V. Liventa Bioscience Inc.*, 2015 WL 13907479, at *3 (N.D. Ga. Apr. 6, 2015).

parties to incur costs and expend effort litigating this matter just to have the matter stayed in March when the PTAB decides to institute review.").

Particularly persuasive is the recent decision in *Molo Design, Ltd. v. Chanel, Inc.*, in which Judge Caproni granted a pre-institution request for a stay pending IPR, while acknowledging that some courts have found a stay unnecessary until the PTAB has decided whether to institute IPR proceedings. 2022 WL 2135628, at *2 (S.D.N.Y. May 2, 2022). She reasoned that a pre-institution stay "either will result in a minor delay or, if the PTAB grants Chanel's request for review, will simplify the issues in [the] case and provide the Court with expert guidance in a complex area of law." *Id.* at *3. That logic applies with equal force here.

Moreover, although Nike relies on several cases within the Circuit denying pre-institution stay requests, *see Grecia*, 2017 WL 11566955; *CDX Diagnostics, Inc.*, 2014 WL 2854656, those decisions each came before two crucial changes to the law governing IPR proceedings in 2018. First, in *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1354 (2018), the Supreme Court held that, where the PTAB institutes *inter partes* review, it must address every challenged claim in the petition; second, regulations promulgated in October 2018 made clear that, when construing patent claims for IPR proceedings, the PTAB shall apply "the same claim construction standard that would be used [by district courts] to construe the claim in a civil action under 35 U.S.C. 282(b)," 37 C.F.R. § 42.100(b). In the time since, courts have recognized that the logic for granting a pre-institution stay has "been strengthened by [these] recent changes in the law." *RetailMeNot, Inc. v. Honey Science LLC*, 2020 WL 373341 (D. Del. Jan. 23, 2020) (quoting *Arch Chems, Inc. v. Sherwin-Williams Co.*, C.A. No. 18-2037-LPS, Dkt. 48 (D. Del. Nov. 5, 2019) (oral order granting stay pending IPR institution)).

While "this factor does not favor a stay as strongly as in a case where all of the claims in

the litigation are [already] under review in IPR proceedings," *Kannuu Pty Ltd. v. Samsung Elecs. Co., Ltd.*, 2021 WL 195163, at *9 (S.D.N.Y. Jan. 19, 2021) (cleaned up), the Court nevertheless concludes that the first factor favors granting a stay.

### B. This Action is at a Relatively Early Stage of Litigation

The Court next concludes that this action remains at an early stage of litigation, and that the early stage of the case weighs in favor of a stay. Although discovery has commenced, no fact depositions have yet been noticed (let alone taken), a *Markman* hearing has not yet been held, and there are not currently any deadlines for the close of fact discovery, expert discovery, or a trial date set. In granting a stay pending IPR in *Molo Design*, the Court observed that it was significant that "no depositions ha[d] been taken, expert reports ha[d] not been served, and the parties ha[d] yet to engage in related expert discovery." 2022 WL 2135628, at *4. So too, as here, the Court there emphasized that "a *Markman* hearing ha[d] not been held," and that "the Court ha[d] not issued a claim construction order." *Id*. (citing *Kannuu Pty Ltd.*, 2021 WL 195163, at *10).

While Nike urges that discovery in the case is now "long past its initial stages," Opp. at 10, the evidence of production it cites in support of that proposition appears to have come almost entirely *after* lululemon filed its motion for a stay. To take one example, while Nike contends that the parties have produced "thousands of documents," and that Nike alone "has produced 2,427 documents," for instance, Opp. at 10; Bowling Aff. ¶ 3, some 2,275 of those documents (approximately 94%) were produced after lululemon moved for a stay. *See* Friedland Reply Aff. ¶ 2. Indeed, until the date of that motion last month, the parties had only produced a combined 600 documents. *See id*. Similarly, although Nike contends that it "has conducted multiple reviews of lululemon's source code," Opp. at 10; Bowling Aff. ¶ 3, nearly all of that review was completed after the motion for a stay. *See* Friedland Reply Aff. ¶ 3. Any harried effort to advance discovery

5

in this action after the filing of the motion for a stay does not affect the Court's evaluation of the stage-of-litigation factor. *See, e.g., VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) (observing that courts have adopted the date of filing of a stay motion as the proper time to measure the stage of the litigation); *Slingshot Printing LLC*, 2022 WL 17361232, at *3 (finding the stage of litigation should be determined at the time the stay motion is filed).

In sum: because "discovery is not substantially complete," as in *Molo Design*, this factor, too weighs in favor of a stay pending IPR. 2022 WL 2135628, at *4.

### C. A Stay Pending IPR Will Not Prejudice Nike

Lastly, the Court finds that a stay pending IPR proceedings here will not unduly prejudice Nike. As an initial matter, Nike did not file the present action for more than three years after it was aware of the alleged infringing activity with lululemon's advertisement and sale of the Mirror products, and never sought a preliminary injunction. Where a plaintiff delayed in filing suit and failed to seek an injunction, courts "give reduced weight to any [claims of] undue prejudice." *VideoShare, LLC v. Meta Platforms Inc.*, 2022 WL 2718986 (W.D. Tex. July 12, 2022). In *VirtualAgility Inc.*, for instance, the Federal Circuit found no undue prejudice resulting from a district court's grant of a stay pending the PTAB's review of patent claims where a competitor had waited nearly a year after the issuance of a patent before filing suit. *See* 759 F.3d at 1319. Here, Nike does not dispute that it waited more than three years after the Mirror product was first announced in September 2018—by which time three of the six asserted patents had already been issued, with two more issued by early 2019—before filing its suit in 2022. Moreover, it does not appear that Nike today offers competing products that practice any of the asserted patents. *See Wiesel v. Apple Inc.*, No. 19-cv-7261 (JMA) (SIL) Dkt. 35, Order at 7 (E.D.N.Y. Nov. 5, 2020) (finding no prejudice from a stay where the parties were "not competitors, and there is no claim

6

that [plaintiff] ha[d] sold any product incorporating any claim of the" asserted patent). Finally, as all parties agree, the PTAB will decide whether to institute proceedings for two of the IPR petitions no later than May 17, 2023, with all other institution decisions issued by July 20, 2023. Even if, as Nike argues is likely, IPR proceedings are not instituted, the Court fails to see how a stay of five months will cause undue prejudice to a party that waited three years to file this action in the first place.

Having considered the circumstances as a whole, the Court finds that a stay pending IPR proceedings before the PTAB is warranted.

## CONCLUSION

For the foregoing reasons, lululemon's motion to stay the proceedings is granted. This matter is hereby stayed for the duration of any IPR proceedings before the PTAB regarding the asserted patents. The Clerk of Court is respectfully directed to terminate the motions pending at Dkts. 36 and 95, and to stay this action. The parties shall file a joint status letter within ten (10) days of the PTAB's decision(s) whether to institute IPR proceedings.

SO ORDERED.

Dated: February 24, 2023
       New York, New York

Hon. Ronnie Abrams
United States District Judge